JAMES FARRELL BIELLING, APPELLANT, *v.* SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 7129

March 27, 1973                    508 P.2d 546

*Morgan D. Harris,* Public Defender, and *Thomas D. Beatty,* Assistant Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City, *Roy A. Woofter,* District Attorney, and *Charles L. Garner,* Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

In this appeal from the denial of pre-trial habeas relief appellant's sole contention is that the information, charging him with involuntary manslaughter, a felony under NRS 200.070, is fatally defective. We agree.

Respondent concedes that the information filed herein only charges appellant with *ordinary negligence*. While many states have enacted legislation which permit convictions in vehicular homicide cases without the showing of *criminal negligence*, Nevada has not done so. "The authorities are agreed, in the absence of statutory regulations denouncing certain acts as criminal, that in order to impose criminal liability for a homicide caused by negligence, there must be a higher degree of negligence than is required to establish negligent default on a mere civil issue." People v. Penny, 285 P.2d 926, 937 (Cal. 1955). Cf. State v. Lewis, 59 Nev. 262, 91 P.2d 820 (1939).

"In every crime or public offense there must exist a union, or joint operation of act and intention, or *criminal negligence*." NRS 193.190. In order to properly charge appellant with the offense of involuntary manslaughter, the information must specify the acts of *criminal negligence* upon which the state is relying to try to obtain a conviction. See Simpson v. District Court, 88 Nev. 654, 503 P.2d 1225 (1972).

We reverse, without prejudice to a new and sufficient accusation.