DONALD EUGENE EARLYWINE, JR., APPELLANT, *v.* SHERIFF, ESMERALDA COUNTY, NEVADA, RESPONDENT.

No. 10303

March 2, 1978                                        575 P.2d 599

*Skupa & Mainor,* Las Vegas, and *Gary L. Gardner,* Salem, Oregon, for Appellant.

*Robert List,* Attorney General, Carson City; and *Alan R. Harter,* District Attorney, Esmeralda County, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination, Donald Eugene Earlywine, Jr., was ordered to stand trial for two counts of involuntary manslaughter (NRS 200.070). A pretrial petition for a writ of habeas corpus contended, *inter alia,* that the information is insufficient to support the charges of involuntary manslaughter. The habeas petition was denied and in this appeal Earlywine argues that we are compelled to reverse. We agree.

In the charging portion of each count of the information, it is alleged that Earlywine operated a vehicle "in an unlawful and criminally negligent manner, to-wit, by operating said vehicle with wilfull [*sic*] or wanton disregard for the safety of persons or property in that the Defendant despite the existence of a special hazard with respect to pedestrians or other traffic, or as was necessary to avoid colliding with another vehicle, failed to maintain the duty to use due care, and did thereby cause or allow his vehicle to strike a 1966 Chevrolet vehicle . . . resulting in injury. . . ."

The quoted language is, at best, conclusory and insufficient to charge the alleged crime. *See* NRS 173.035(3) which provides, in part, that "[a]ll informations shall set forth the crime committed according to the facts." *See also* Bielling v. Sheriff, 89 Nev. 112, 113, 508 P.2d 546 (1973), where we said: "In order to properly charge appellant with the offense of involuntary manslaughter, the information must specify the acts of *criminal negligence* upon which the state is relying to try to obtain a conviction." *Cf.* Simpson v. District Court, 88 Nev. 654, 503 P.2d 1225 (1972).

Accordingly, we reverse without prejudice to the right of the prosecution to institute a new and sufficient accusation within fifteen (15) days after remittitur issues.