## SHERIFF, CLARK COUNTY, NEVADA, Appellant, v. MARK ALLEN LEVINSON, Respondent.

No. 11850

June 14, 1979                                    596 P.2d 232

*Richard H. Bryan,* Attorney General, Carson City; *Robert Miller,* District Attorney, and *Steven J. Parsons,* Deputy District Attorney, Clark County, for Appellant.

*Goodman, Oshins, Brown & Singer, Chtd.,* and *William B. Terry,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination respondent

was held to answer on two counts of involuntary manslaughter (NRS 200.070). Thereafter, respondent filed a pretrial petition for a writ of habeas corpus, contending his restraint was illegal because the information failed to adequately state the offenses charged. The district court found the information to be insufficient, and ordered the writ granted. From the order of the district court, this appeal has been perfected.

In reviewing the sufficiency of the information before us, we are mindful of established principles regarding the function and requisites of the information. The information is the first pleading by the state in a criminal action (*see* NRS 173.015) and must contain "a plain, concise and definite written statement of the essential facts constituting the offense charged." NRS 173.075(1). In the information, the prosecution is required to make a definite statement of facts constituting the offense in order to adequately notify the accused of the charges and to prevent the prosecution from circumventing the notice requirement by changing theories of the case. *See* Simpson v. District Court, 88 Nev. 654, 503 P.2d 1225 (1972). In accord with these principles, we have held that an information which alleges the commission of the offense solely in the conclusory language of the statute is insufficient. *See* Earlywine v. Sheriff, 94 Nev. 100, 575 P.2d 599 (1978).

In the instant case, both counts of the information are identical in all pertinent respects.[1] Each count provides a definite date and location for the commission of the offense, states that the offense occurred while respondent was engaged in a lawful act (driving a car), and alleges that the offense occurred because respondent was driving in an unlawful manner (in excess of 100 miles per hour). We are not concerned with whether the information could have been more artfully drafted, but only whether as a practical matter, the information provides adequate notice to the accused. *See* Laney v. State, 86 Nev. 173, 466 P.2d 666 (1970).

---

[1]In pertinent part, the information provides:

"That Mark Allen Levinson, the Defendant above named, on or about the 4th day of June, 1978, at and within the County of Clark, State of Nevada, contrary to the form, force and effect of statutes in such cases made and provided, and against the peace and dignity of the state of Nevada,
*"COUNT I*

did then and there unlawfully and feloniously kill WAYNE MORRIS BRUNKHARDT, a human being, without any intent so to do, in the commission of a lawful act, to-wit: by operating a 1978 Cadillac, four-door automobile, bearing 1978 California License No. IMBOB3, on Interstate 15,

In our opinion, the information in this case contains a sufficiently clear statement of the facts surrounding the alleged commission of the offense to apprise the respondent of the charges against him. Accordingly, the order of the district court granting the petition for a writ of habeas corpus is reversed.

approximately 2,640 feet North of Mile Marker CL26, Clark County, Nevada, in an unlawful and criminally negligent manner, to-wit: by operating said vehicle at a high rate of speed, to-wit: speeds in excess of 100 mph, causing Defendant to drive with wilful or wanton disregard for the safety of persons or property in that Defendant did strike and collide with another vehicle, to-wit: a 1977 Fiat, two-door automobile, bearing 1978 Nevada License No. CRE582, driven by the said WAYNE MORRIS BRUNKHARDT, resulting in injury to and the death of the said WAYNE MORRIS BRUNKHARDT.

*"COUNT II*

did then and there unlawfully and feloniously kill KAREN KAY BRUNKHARDT, a human being, without any intent so to do, in the commission of a lawfuly [sic] act, to-wit: by operating a 1978 Cadillac, four-door automobile, bearing 1978 California License No. IMBOB3, on Interstate 15, approximately 2,640 feet North of Mile Marker CL26, Clark County, Nevada, in an unlawful and criminally negligent manner, to-wit: by operating said vehicle at a high rate of speed, to-wit: speeds in excess of 100 mph, causing Defendant to drive with wilful or wanton disregard for the safety of persons or property in that Defendant did strike and collide with another vehicle, to-wit: a 1977 Fiat, two-door automobile, bearing 1978 Nevada License No. CRE582, driven by WAYNE MORRIS BRUNKHARDT, resulting in injury to and the death of the said KAREN KAY BRUNKHARDT, a passenger in the vehicle driven by WAYNE MORRIS BRUNKHARDT."