SHERIFF, CLARK COUNTY, NEVADA, Appellant, v. D'ARCY LIVINGSTON STANDAL, Respondent.

No. 12146

December 20, 1979                                    604 P.2d 111

Richard H. Bryan, Attorney General, Carson City; Robert J. Miller, District Attorney, and Nikolas L. Mastrangelo, Deputy District Attorney, Clark County, for Appellant.

Goodman, Oshins, Brown & Singer, and William B. Terry, Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Respondent was charged by indictment with aiding and abetting statutory rape and a crime against nature. A pretrial petition for a writ of habeas corpus was granted by the district court. The sheriff appeals.

The only counts in the indictment against respondent were counts VI and VII. These counts read as follows:

*COUNT VI*—Statutory Rape

Defendant Darlene Faye Standal aka D'ARCY LIVINGSTON STANDAL, did, on or about November 8, 1975, then and there wilfully, unlawfully and feloniously aid and abet STANLEY WILLIAM STANDAL in the act of carnal knowledge of [the victim], a female person under the age of 16 years, said Defendant D'ARCY LIVINGSTON STANDAL being over the age of 21 years.

*COUNT VII*—Infamous Crime Against Nature

Defendant Darlene Faye Standal aka D'ARCY LIVINGSTON STANDAL, did, on or about November 5, 1975, wilfully, unlawfully and feloniously aid, abet, and induce STANLEY WILLIAM STANDAL in committing the infamous crime against nature upon the person of [the victim], to place the penis of the said STANLEY WILLIAM STANDAL in the mouth of said [victim].

Nowhere in the indictment is respondent told the manner in which she aided and abetted a statutory rape or an infamous crime against nature. NRS 173.075(1) expressly provides that an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." It is indicated by NRS 173.075(2) that the indictment should either include the means by which the offense was accomplished, or show that the means are unknown.

In Simpson v. District Court, 88 Nev. 654, 660, 503 P.2d 1225, 1229–30 (1972), a murder indictment was found to be inadequate. We stated:

> Accordingly, we believe the following formulation of the law, by one of the leading authorities, correctly states the principle that must govern our decision:
> 'Whether at common law or under statute, the accusation must include a characterization of the crime and such description of the particular act alleged to have been committed by the accused as will enable him properly to defend against the accusation, and the description of the offense must be sufficiently full and complete to accord to the accused his constitutional right to due process of law.'
> 4 R. Anderson, Wharton's Criminal Law and Procedure, § 1760, at 553 (1957).

The indictment or information must specify the acts of criminal conduct upon which the state is relying. Bielling v. Sheriff, 89 Nev. 112, 508 P.2d 546 (1973). Conclusory allegations are insufficient. Earlywine v. Sheriff, 94 Nev. 100, 575 P.2d 599 (1978).

Smith v. State, 572 P.2d 262 (Okla.Crim.App. 1977), is similar to the present case. In *Smith,* an information charged that the defendant did "wilfully, unlawfully, wrongfully, feloniously and knowingly harbor, aid, assist and conceal" a fugitive from justice. The information did not specify how the defendant harbored, aided, assisted and concealed the fugitive. Because the information did not inform the defendant of the acts committed by him, the information was held to be fatally defective.

In the present case we are faced with unusual circumstances where a woman is charged, as a principal, with sex crimes committed against a 14 year old girl. The basis of the indictment against respondent is the allegation that she aided and abetted Mr. Standal in the statutory rape and infamous crime against nature. Under the circumstances of this case, the aiding and abetting language is conclusory. It fails to give defendant the slightest information as to the acts she performed which make her guilty of a crime. The indictment is phrased in statutory terms. *See* NRS 195.020. However, where the statutory language is conclusory, allegations phrased solely in such language

are insufficient. *See* Sheriff v. Levinson, 95 Nev. 436, 596 P.2d 232 (1979); Earlywine v. Sheriff, *supra.*[1]

The state apparently contends that respondent's course of conduct makes her guilty of aiding and abetting. We see no reason why the state cannot set forth the course of conduct with reasonable clarity in the indictment. *See* State v. Cutshaw, 437 P.2d 962 (Ariz.App. 1968). In this context, the state may not rely on the Grand Jury transcript to supplement the indictment. Simpson v. District Court, *supra.*

The district court granted the writ of habeas corpus on the grounds that the indictment was not supported by sufficient evidence at the Grand Jury hearing. Because of our ruling above, it is not necessary to reach the issue of sufficiency of the evidence. It is also not necessary to decide other issues raised by the petition.

The granting of a writ of habeas corpus is affirmed solely on the ground that the charging allegations in counts VI and VII are insufficient, without prejudice to any right of the state to institute new proceedings against respondent.[2]

---

[1]This rule is in conformity with other jurisdictions. In People v. Donachy, 586 P.2d 14 (Colo. 1978), the Supreme Court of Colorado said: "[I]f the statute does not sufficiently set out the facts which constitute the offense, so that the defendant may have notice with what he is charged, then a more particular statement of facts is necessary." *Id.* at 16. *See also,* State v. Anderson, 410 P.2d 230 (Or. 1966).

[2]We express no opinion as to whether new proceedings would be subject to the applicable statute of limitations.