An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

THE STATE OF NEVADA,
Appellant,
vs.
LACY L. THOMAS,
Respondent.

No. 58833 **FILED**

SEP 2 6 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



### *ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING*

This is an appeal from a district court order granting respondent's motion to dismiss a 10-count indictment. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

The State filed an indictment against respondent Lacy Thomas, the former Chief Executive Officer of University Medical Center (UMC), charging him with five counts of theft, a violation of NRS 205.0832, and five counts of misconduct of a public officer, a violation of NRS 197.110. Thomas pleaded not guilty to each charge and sought dismissal of all counts charged in the indictment because they failed to put him on notice of the specific criminal acts asserted against him. The district court agreed and dismissed the indictment.

The State appeals arguing that the district court erred by finding that the indictment failed to put Thomas on notice of the specified facts that constitute criminal theft and misconduct of a public officer, and that the district court abused its discretion by refusing to allow the State to amend the indictment under NRS 173.095(1).

"We review a district court's decision to grant or deny a motion to dismiss an indictment for abuse of discretion." *Hill v. State*, 124 Nev.

13-28872

546, 550, 188 P.3d 51, 54 (2008). We review questions of statutory interpretation and issues involving constitutional challenges de novo. *See State v. Lucero*, 127 Nev. ___, ___, 249 P.3d 1226, 1228 (2011); *West v. State*, 119 Nev. 410, 419, 75 P.3d 808, 814 (2003).

*Sufficiency of the indictment*

The State argues that the indictment sufficiently put Thomas on notice of the specific conduct alleged to constitute theft and misconduct of a public officer because the indictment alleged that Thomas used funds entrusted to him for improper purposes. The State further argues that the indictment provided more notice than is required by due process because the facts underlying the charges were pleaded in detail and discussed at length in the grand jury transcript.

Under NRS 173.075(1), an indictment "must be a plain, concise and definite written statement of the essential facts constituting the offense charged." "[The indictment] must be definite enough to prevent the prosecutor from changing the theory of the case, and it must inform the accused of the charge he is required to meet." *Husney v. O'Donnell*, 95 Nev. 467, 469, 596 P.2d 230, 231 (1979). To provide sufficient notice, "the indictment standing alone must contain the elements of the offense intended to be charged and must be sufficient to apprise the accused of the nature of the offense so that he may adequately prepare a defense." *Laney v. State*, 86 Nev. 173, 178, 466 P.2d 666, 669 (1970) (internal quotations omitted); *see Logan v. Warden*, 86 Nev. 511, 514, 471 P.2d 249, 251 (1970) (stating that "the combined information provided by the charging instrument and the [grand jury] transcript" would sufficiently apprise a defendant of the offense charged in order to mount a proper defense). However, an indictment "which alleges the commission of the offense solely in the conclusory language of the statute

Supreme Court
OF
Nevada

(O) 1947A

2

is insufficient." *Sheriff v. Levinson*, 95 Nev. 436, 437, 596 P.2d 232, 233 (1979).

*Theft, counts one to five*

NRS 205.0832(1)(b) provides that

a person commits theft if, without lawful authority, the person knowingly . . . [c]onverts, makes an *unauthorized* transfer of an interest in, or without authorization[,] . . . uses the services or property of another person entrusted to him or her or placed in his or her possession for a limited, authorized period of determined or prescribed duration or for a limited use.

(Emphasis added). In all five of the theft counts in the indictment, it is alleged that Thomas used county funds in an *unauthorized* manner and exceeded the county's entrustment for "limited use[s]" by distributing said funds to his personal friends or associates under the guise of legitimate contracts that were "grossly unfavorable" to the county, "unnecessary," and/or "us[ed] the services or property [of UMC] for another use." Specifically, the State explained to the grand jury that it was presenting an embezzlement-type theory of theft, which entails "taking money that is entrusted to you for a particular purpose and using it for other purposes outside that entrustment."

Count one of the indictment specifically references a contract between UMC and Superior Consulting or ACS Company (collectively, ACS) where some, albeit very limited, debt collection work was to be performed. The contract called for the completion of debt collection work that was already being performed by another entity and it is alleged the work was performed poorly by ACS, leading to a decrease in overall debt collection. While count one of the indictment included the relevant dates, the parties, and the factual accounts of the contract entered with ACS, it

failed to allege how Thomas's conduct was unlawfully authorized or how his use of payments to ACS articulate the intended, unlawful purpose when *actual* work had been performed under the contract. We conclude that the indictment and grand jury transcript failed to provide Thomas with sufficient notice of all the elements of the criminal acts charged in count one in order to prepare his defense. *See Laney*, 86 Nev. at 178, 466 P.2d at 669.

With regard to theft counts two to five, in the indictment and before the grand jury, Thomas is alleged to have entered into contracts on behalf of UMS with Frasier Systems Group, TBL Construction, Premier Alliance Management, LLC, and Crystal Communications, LLC. These companies allegedly provided consulting and supervisory services in the areas of information technology, utilities, landscaping, and telecommunications. However, the State explicitly stated that they never performed any work or delivered a final work-product under the terms of these contracts. Because the State alleged in the indictment and before the grand jury how Thomas engaged in conduct that was unlawfully authorized (i.e. there was no work performed or final work-product provided), we conclude that Thomas was sufficiently put on notice of the criminal acts charged in counts two to five. Accordingly, we reverse the district court's dismissal as to counts two to five; however, we affirm the dismissal of count one.

*Misconduct of a public official, counts six to ten*

NRS 197.110(2) provides that "[e]very public officer who . . . [e]mploys or uses any person, money or property under the public officer's official control or direction, or in the public officer's official custody, for the private benefit or gain of the public officer or another, is guilty of a . . . felony." In counts six to ten of the indictment, the State

Supreme Court
of
Nevada

(O) 1947A

4

alleges that Thomas, while acting as Chief Executive Officer of UMC, "use[d] money under his official control or direction . . . for the private benefit or gain of himself or another." Despite the fact that each count failed to provide a detailed narrative of the facts as they related to each charge, each count incorporated by reference the facts set forth in theft counts one to five, respectively. And, counts one to five included allegations that Thomas entered into contracts with his longtime friends or associates that were "grossly unfavorable" to UMC. Thus, we conclude that the elements of the offense of misconduct of a public officer as set forth in counts six to ten of the indictment, when considered together with the facts as alleged in counts one to five and the grand jury testimony, put Thomas on sufficient notice of the crimes charged in counts six to ten so that he could mount an adequate defense. *See Logan*, 86 Nev. at 513, 471 P.2d at 251 (establishing that the information in the charging instrument and the grand jury transcript may be sufficient notice). Accordingly, we reverse the district court's dismissal as to counts six to ten.

*Amendment to count one is not warranted*

The State contends that the appropriate remedy for inadequate notice in a charging document is amendment, not dismissal. Given our reversal of the district court's order dismissing counts two to ten, the State's request for amendment only applies to count one. NRS 173.095(1) states that "[t]he court may permit an indictment or information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." Whether an indictment may be amended is "a determination [wholly] within the district court's discretion." *Viray v. State*, 121 Nev. 159, 162, 111 P.3d 1079, 1081 (2005).

We conclude that the district court did not abuse its discretion in denying the State the right to amend the indictment as to count one because the indictment and grand jury transcript failed to put Thomas on sufficient notice of the charged crime, and the State has failed to show that it can cure the defective allegation. Thus, permitting the State to amend count one would prejudicially affect Thomas's substantial rights.

Accordingly, for the reasons set forth above, we ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

_____, J.
Saitta

---

[1]The Honorable Michael Douglas, Justice, voluntarily recused himself from participation in the decision of this matter.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Michael Villani, District Judge
Attorney General/Carson City
Clark County District Attorney
Daniel J. Albregts, Ltd.
Franny A. Forsman
Eighth District Court Clerk

Supreme Court
of
Nevada

(O) 1947A