[No. 2330]

# THE STATE OF NEVADA, RESPONDENT, *v.* ED. BECK, APPELLANT.

[174 Pac. 714]

1. CRIMINAL LAW—HARMLESS ERROR—CONSPIRACY—EVIDENCE.

In a homicide case, it is not reversible error to admit the testimony of a coconspirator concerning statements of defendant prior to prima facie proof of conspiracy, where the conspiracy was thereafter proven.

2. CRIMINAL LAW—CONSPIRACY—EVIDENCE—ADMISSIBILITY — CONNECTION OF APPELLANT WITH CRIME.

The testimony of a coconspirator that defendant informed the witness that he and another were planning to rob the stage; that defendant later unqualifiedly stated the robbery had been committed and the stage driver murdered, was admissible.

3. HOMICIDE—PARTICIPATION—EVIDENCE—SUFFICIENCY.

In view of declarations by defendant to a codefendant, evidence *held* to show that the defendant was a party to a conspiracy to rob the stage, that the stage was robbed, and that in perpetrating the robbery the driver was killed.

4. HOMICIDE—CONSPIRACY TO ROB—MURDER—GUILT.

All persons who are involved in the conspiracy to rob are guilty of murder, if murder is committed by one of the coconspirators in the perpetration of the crime of robbery.

5. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY—INTEREST IN PROPERTY.

The testimony of a coconspirator that after the crime the defendant stated to him that the robbery and murder had taken place was admissible to establish the conspiracy and murder and connect defendant with it, whether there was any subsisting interest in property thereby fraudulently acquired or not.

6. CRIMINAL LAW — HARMLESS ERROR — EVIDENCE — GUILT OF ANOTHER.

The testimony of a coconspirator that defendant stated that a third conspirator, who was not present, had committed the murder was not prejudicial to the defendant, since it tended to connect him with the crime.

7. CRIMINAL LAW—EVIDENCE—STATEMENTS OF DEFENDANT—TESTIMONY OF COCONSPIRATORS.

In a murder case, the testimony of a coconspirator in the robbery in which the murder was committed that defendant told him that a third conspirator had committed the murder was admissible as a voluntary statement against the interest of the defendant connecting him with the murder, through the conspiracy to rob.

APPEAL from Fourth Judicial District Court, Elko County; *E. J. L. Taber,* Judge.

Ed. Beck was convicted of murder in the first degree, and he appeals. **Affirmed.**

*Harold P. Hale,* for Appellant:

The evidence in this case was identical with the testimony adduced in the Kuhl case, with two exceptions—first, the testimony of finger-print experts was not introduced, but in its place was presented the testimony of one McGraw, one of the defendants, who was called in behalf of the state; and, secondly, there was admitted, over the objection of appellant, the statement or confession of appellant, introduced immediately following the testimony of McGraw. The court erred in the admission of these matters, for the reason that the conspiracy had not been proven prima facie before the introduction of the McGraw testimony; the testimony of McGraw with respect to the statements made by appellant showed no act or declaration done in furtherance of a conspiracy, nor did it form a part of the res gestæ; the statements alleged by McGraw to have been made to him by appellant showed nothing more than mere knowledge that another was involved in crime, and did not show an active participation or an express or implied ratification; part of the testimony set forth a declaration made after the culmination of the unlawful design as charged, and did not relate to a subsisting interest in property fraudulently acquired pursuant to the conspiracy; the testimony of McGraw was intended as proof of the guilt of the defendant Kuhl, and is a statement made when the latter was not present, nor impliedly or expressly acquiesced in by him; the testimony of McGraw constituted in effect a hearsay confession upon the part of Kuhl himself, which, even though true, does not establish the guilt of the principal as concerned with the conspiracy, but established only his individual guilt, and is admissible only for that purpose. (1 R. C. L., p. 518, cases under note 16; Idem, 521, 522; Metcalfe v. Connor, 12 Am. Dec.

340; Smith v. State, 81 S. W. 936; 5 R. C. L. 1089, note 16, note 66.)

*Geo. B. Thatcher,* Attorney-General, *E. T. Patrick,* Deputy Attorney-General, *Wm. McKnight,* Deputy Attorney-General, *E. P. Carville,* District Attorney, and *Chas. C. Cantwell,* Deputy District Attorney, for Respondent:

A coconspirator is, under the provisions of our statutes, a competent witness against the other conspirators. Rev. Laws, 7180, 7451; State v. Tranmer, 39 Nev. 142; State v. Douglas, 26 Nev. 196. This holding is in accordance with the great weight of authority. 1 R. C. L. 163; 5 R. C. L. 1090; 12 C. J. 636; United States v. Lancaster, 44 Fed. 896. The existence of the conspiracy may be proven by the testimony of a coconspirator. 5 R. C. L. 1090; United States v. Lancaster, supra.

If the conspiracy was to obtain money by larceny if possible, but by robbery if necessary, under our statute a murder committed in the perpetration of that robbery, either with or without intent to take human life, is murder in the first degree. 1 Wharton, Crim. Law, 697–699; State v. Lopez, 15 Nev. 407; State v. Gray, 19 Nev. 212. All who have a part in the conspiracy to rob are guilty of murder, if murder is committed by one of the conspirators. It is no defense that such other conspirators did not intend or contemplate that any killing should be done, did not approve of such action by their coconspirators, or even expressly forbade any such taking of life. People v. Vasquez, 49 Cal. 560; People v. Lawrence, 76 Pac. 893, 68 L. R. A. 193; Conrad v. State, 6 L. R. A. 1154; People v. Friedman, 45 L. R. A. 55; Reagan v. People, 112 Pac. 786; State v. Mangana, 112 Pac. 786; Taylor v. State, 55 S. W. 961; People v. Olsen, 22 Pac. 125.

By the Court, COLEMAN, J.:

B. E. Kuhl, Ed. Beck, and Wm. M. McGraw were jointly charged with the crime of murder. On motion, separate trials were granted the defendants. Defendant

Beck (appellant) was convicted of murder in the first degree, and appeals.

Upon the trial defendant McGraw was called as a witness in behalf of the state, and testified relative to certain statements alleged to have been made to him by appellant. It is insisted that the court erred in overruling the objection of counsel for defendant to the testimony of the witness mentioned. For an understanding of the points urged, we quote from the brief of counsel for appellant:

"The testimony of McGraw consisted substantially of the following: First—The witness testified that appellant had secured from him a certain gun, which gun he later identified as being the one in evidence in the case. Second—That at the time of securing the gun appellant had told witness that he was going hunting with it. Third—That upon the following day appellant had told witness that he (appellant) and his partner, or rather 'they,' were going to hold up the mail stage, and had it all fixed with the stage driver; 'that it was all cut and dried.' Fourth—That appellant told witness to keep his mouth shut or he would kill him. Fifth—That later in the evening of the day of the crime, about 8 o'clock, witness was called out of a saloon by appellant, and told: 'She's all off; the trick is turned. The stage is held up, and the driver's head blown off.' That in response to the question, 'Who did that?' appellant answered 'Ben' (Kuhl). That appellant had told witness that if he said a word he would kill him."

1. The first point made by counsel for appellant is that the conspiracy had not been proven prima facie before the introduction of the evidence showing statements of appellant. As to this contention, we may say that if the conspiracy was thereafter shown by the evidence to have existed, it was not reversible error to admit evidence of the statements at the time it was received. State v. Ward, 19 Nev. 297, 10 Pac. 133.

2. The second contention urged upon our consideration is that the declaration made by appellant, as testified to by McGraw, shows no act done in furtherance

of a conspiracy or forming a part of the res gestæ. A reading of the outline of the evidence taken from the brief of counsel for appellant refutes this contention. It shows that appellant informed McGraw before the crime was committed that he and Kuhl were planning to rob the stage; that thereafter the crime of robbery as planned was committed, and that in the commission thereof the stage driver was murdered. The unqualified statement that the crime had been committed, in view of the previous statement of the contemplated robbery, is sufficient to connect appellant with the crime.

3, 4. It is next contended that appellant's statements to McGraw show nothing more than a knowledge that another was involved in a crime, and does not show an active participation or an express or implied ratification. This contention is without merit. The evidence shows that appellant was a party to the conspiracy to rob the stage, that the stage was in fact robbed, and that in the perpetration of the robbery the driver was killed. It is a well-known rule of law that all persons who are involved in a conspiracy to rob are guilty of murder if murder is committed by one of the coconspirators in the perpetration of the crime of robbery. People v. Vasquez, 49 Cal. 560; People v. Lawrence, 143 Cal. 148, 76 Pac. 893, 68 L. R. A. 193, and note; Conrad v. State, 75 Ohio St. 52, 78 N. E. 957, 6 L. R. A. (N. S.) 1154, 8 Ann. Cas. 966, and note; People v. Friedman, 205, N. Y. 161, 98 N. E. 471, 45 L. R. A. (N. S.) 55, and note; Reagan v. People, 49 Colo. 316, 112 Pac. 786; Taylor v. State, 41 Tex. Cr. R. 564, 55 S. W. 961; Romero v. State, 101 Neb. 650, 164 N. W. 554, L. R. A. 1918B, 70, and note.

In State v. Mangana, 33 Nev. 519, 112 Pac. 693, alluding approvingly to State v. King, 24 Utah, 483, 68 Pac. 418, 91 Am. St. Rep. 808, it is said:

"* * * When two or more persons associate together to rob another, and he is killed by one of them, the act is that of each and all of the conspirators, and all are chargeable therewith. State v. Schmidt, 136 Mo. 652, 38 S. W. 719."

5. It is next contended that that portion of the testimony of McGraw in relating the statement of Beck made after the culmination of the unlawful design does not relate to a subsisting interest in property fraudulently acquired pursuant to the conspiracy. This contention certainly verifies the force of the old saying that a dying man grabs at every straw. What does it matter whether it be an interest in property or not? The question is, Does the evidence tend to establish the conspiracy and murder and connect appellant with it? The evidence is competent for both of these purposes.

6. It is urged that the testimony of McGraw was further intended as proof of the guilt of the defendant Kuhl, and is a statement made when Kuhl was not present. If this be true, appellant was not prejudiced thereby, provided it also tended to connect appellant with the crime, which it clearly does.

7. It is claimed that the testimony of McGraw constitutes in effect a hearsay confession upon the part of Kuhl, and that, even though true, it does not establish the connection of Kuhl with the conspiracy, but only establishes his individual guilt, and is admissible only for that purpose. There is nothing in this contention. The statements testified to by McGraw were those made to him by appellant, and clearly connected appellant with the conspiracy and the perpetration of the crime, which was the purpose of the evidence.

The main contention of counsel for appellant can best be presented in the language of his brief, where it is said:

"But we contend that there can be no such thing as an admission by one conspirator to another, but that the testimony of McGraw necessarily becomes direct because of the position he occupies in the case."

We are unable to agree with counsel's contention. It is a universal rule that a voluntary statement against interest in a civil suit or involving the maker in a crime is always admissible against the party making it, and the mere fact that it is made to a coconspirator does

not rob it of its competency, nor is the coconspirator to whom it is made disqualified from testifying concerning it merely because he is a coconspirator. There is no analogy between the situation in this case and in one in which evidence is offered of a statement made by a conspirator to a third person after the accomplishment of the criminal purpose, involving a coconspirator.

No error appearing in the record, it is ordered that the judgment be, and it is hereby, affirmed.

McCARRAN, C. J., concurring:

I concur.

The witness McGraw, to whose testimony defendant objected on the ground that he was a coconspirator, was at the time of the trial a codefendant. The question raised by the assignment of appellant in this respect is as to the competency of a coconspirator to give testimony against his fellow conspirators as to facts within his personal knowledge bearing on the conspiracy.

Under the provisions of our criminal practice act (Rev. Laws, 7180, 7451), a coconspirator may be a competent witness against his fellow conspirators. On two occasions this court has passed upon this question. In the case of State v. Douglas, 26 Nev. 196, 65 Pac. 802, 99 Am. St. Rep. 688, it was held that, even though it was shown or admitted that a witness was an accomplice, that fact does not render him incompetent to give testimony under our statute. In the case of State v. Tranmer, 39 Nev. 142, 154 Pac. 80, the holding was to the same effect. The right of the prosecution to have testimony of this character go to the jury depends entirely on how such testimony may be corroborated by evidence coming from other than coconspirators or accomplices.

At the time of presenting McGraw as a witness, it appears from the record that the state had already proven the commission of the offense charged in the information. It had offered evidence establishing the circumstances and conditions under which the crime

was committed. Evidence had been presented as to a
transaction between the witness McGraw and the defen-
dant Beck, in which the latter had secured a weapon
from the former. The testimony tended to show con-
tradictory statements made by Beck to the witness
McGraw as to the purpose for which he secured the
weapon, one being that he and his partner Kuhl wanted
to go hunting. In a statement made by the appellant to
McGraw after he had obtained possession of the gun,
it appears that he said that he had given the gun to his
partner Kuhl, and that he and his partner were going
to hold up the stage. Other statements made by Beck
were brought forth in the testimony of McGraw, one
being that he (McGraw) was to keep still or he would
be killed; and a statement made after the commission
of the crime was to the effect that the stage had been
held up and the driver killed.

As I read the record, it appears to me that under the
rule requiring the establishment of a conspiracy as a
foundation for the admissibility of the statements of a
coconspirator, the testimony of McGraw was admissi-
ble at the time at which it was offered. The rule con-
tended for by appellant is not one which requires the
proving of a conspiracy beyond a reasonable doubt
before the testimony of a coconspirator may be
admitted. What the rule requires is that the testimony
of a coconspirator shall be preceded by proof of an exis-
tent conspiracy; that is, there must be proof of a com-
mon plan or scheme preexisting, the consummation of
which was the public offense with which the party on
trial stands accused. The preconceived plan or scheme
may have had as its object the commission of one crime,
but its consummation may have resulted in another, as
murder may result from an attempt to carry out a
conspiracy to rob, but on a trial for either crime the
evidence of a coconspirator is admissible against his
fellow conspirators when such evidence is confined to
the acts, utterances, and conduct of the latter. The

testimony of the coconspirator may, and in fact often does, support the proof of the existence of the conspiracy. In this, as in any other phase of the case, the testimony of the coconspirator must be corroborated. There is a wide difference between evidence which discloses only the declarations of the witness as a coconspirator and evidence given by a coconspirator as to facts and circumstances bearing on the conspiracy or as to statements made by his fellow conspirator prior to the consummation of the act for which the conspiracy was formulated.

It is contended by appellant that the statements testified to by the witness McGraw as having been made by Beck showed only a knowledge by the latter of an intended crime or a knowledge by the latter of a completed crime. The statements testified to by McGraw as having been made by Beck disclosed a knowledge by the latter of an intended crime in which he (Beck) was to participate. It also disclosed a knowledge by Beck of a consummated crime in which he did participate, at least to the extent of aiding and abetting. The declarations testified to by the witness McGraw as having been made to him by the defendant were admissible, being against the maker of such declarations, and properly a part of the res gestæ.