PAUL LEONARD BARCUS, Appellant, *v.*
THE STATE OF NEVADA, Respondent.

No. 8555

May 25, 1976                           550 P.2d 411

---

*William N. Dunseath,* Public Defender, and *Keith J. Rohrbough,* Deputy, Washoe County, for Appellant.

*Robert List,* Attorney General, Carson City; *Larry R. Hicks,* District Attorney, and *Kathleen M. Wall,* Deputy, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

Paul Leonard Barcus was convicted, by jury verdict, of lewdness with a child under the age of 14 (NRS 201.230), and sentenced to a term of five (5) years in the Nevada State Prison.

Seeking to annul the conviction Barcus has appealed, contending we should reverse because (1) the prosecuting attorney was permitted to ask leading questions of two (2) witnesses who were 8 and 9 years of age at the time of trial; and, (2) he did not receive a fair trial because of the trial judge's exhibition of prejudice. Neither contention has merit.

1. "Whether leading questions should be allowed is a matter mostly within the discretion of the trial court, and any abuse of the rules regarding them is not ordinarily a ground for reversal." Anderson v. Berrum, 36 Nev. 463, 470, 136 P. 973, 976 (1913).

Here appellant's motion in limine, to prohibit leading questions, was deferred, the judge commenting: ". . . we will have to see what the questions are, and we will have to see what the answers are. I think the general rule is that I can admit leading questions or permit the use of them under all of the circumstances, so that will be the understanding we have."

During the prosecutor's laborious interrogation of the eight (8) year old victim, the trial judge stated: "you can ask her some leading questions." Under these circumstances we perceive neither prejudice, nor an abuse of discretion. NRS 50.115(3)(a); *Anderson, supra*.

2. The thrust of Barcus' contention regarding the prejudice of the trial judge is directed to two (2) comments the judge made to defense counsel when the victim was being cross-examined and counsel was endeavoring to elicit the details of the charged crime. The judge's first comment was: "I don't think that is a very fair question. Ask another question, please." Later, the judge stated: "We don't want any more questions like that. . . . Call your next witness."

Barcus also suggests he did not receive a fair trial because the judge asked a Sparks Police Officer, who had participated in the arrest and confiscation of Barcus' automobile, what happened to the car and whether any "liquor" was found.

A prior witness had testified that, during the time Barcus was playing with the victim, Barcus had gone to his car and "took a drink of something." Another witness had already testified that Barcus ". . . got a drink out of the glove box on the right hand side, and it was in a paper bag. I don't know what he was drinking." In our view, the quoted conduct of the trial judge neither exhibits prejudice, nor achieves the status of an

abuse of discretion; furthermore, it was compatible with the Canons of Judicial Ethics. See SCR 220.[1] Kinna v. State, 84 Nev. 642, 447 P.2d 32 (1968).

Appellant has directed a supplemental brief and an in *pro per* letter to the court in an attempt to raise or inject new and additional issues which are neither cognizable nor supported by citation of relevant authority. Accordingly, they do not warrant discussion and are summarily rejected. See Williams v. State, 88 Nev. 164, 494 P.2d 960 (1972).

Affirmed.

---

[1]Supreme Court Rule 220. "Interference in conduct of trial.

"1.   A judge may properly intervene in a trial of a case to promote expedition, and prevent unnecessary waste of time, or to clear up some obscurity, but he should bear in mind that his undue interference, impatience or participation in the examination of witnesses, or a severe attitude on his part toward witnesses, especially those who are excited or terrified by the unusual circumstances of a trial, may tend to prevent the proper presentation of the cause, or the ascertainment of the truth in respect thereto.

"2.   Conversation between the judge and the counsel in court is often necessary, but the judge should be studious to avoid controversies which are apt to obscure the merits of the dispute between litigants and lead to its unjust disposition. In addressing counsel, litigants or witnesses, he should avoid a controversial manner or tone.