WILLIAM McKINNEY, Appellant, v. SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 9448

February 16, 1977                         560 P.2d 151

*Ronald L. Warren,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Lawrence R. Leavitt,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Pursuant to a True Bill returned by the Clark County Grand Jury, William McKinney, among others, was indicted for murder, a felony under NRS 200.010 and 200.030. He then challenged the indictment with a pretrial petition for a writ of habeas corpus contending (1) the grand jury was not properly instructed on the law; (2) prosecutorial misconduct occurred during the elicitation of testimony before the grand jury; and, (3) there was insufficient evidence presented to the grand jury to support the indictment. The district judge considered and rejected McKinney's habeas challenge and, in this appeal, he again advances the same contentions.

1. McKinney has totally failed to either document his conclusions, or to cite authority in support thereof, that there was a failure to properly instruct the grand jury, or that there was prosecutorial misconduct. Accordingly, they are summarily rejected. *See* Barcus v. State, 92 Nev. 289, 550 P.2d 411 (1976); and Krueger v. State, 92 Nev. 749, 557 P.2d 717 (1976).

2. The thrust of McKinney's challenge to the sufficiency

of the evidence asserts, subjectively, that the record conclusively establishes that he was unaware of, and did not participate in, the homicide. Objectively, the record supports the district judge's determination that there was probable cause to believe that McKinney and three other individuals pursued a common scheme to steal the victim's car and, if the success of the plan so required, to kidnap him. The fact that McKinney's cohorts may have deviated from the agreed-upon scheme by committing the homicide in direct contravention to McKinney's orders does not absolve him of liability. Where the purpose of the conspiracy is to commit a dangerous felony "each member runs the risk of having the venture end in homicide, *even if he has forbidden the others to make use of deadly force*. Hence each is guilty of murder if one of them commits homicide in the perpetration . . . of an agreed-upon robbery. . . ." R. Perkins, Criminal Law 633 (2d ed. 1969). (Emphasis added, citations omitted.) *See also,* State v. Cushing, Et Al., 61 Nev. 132, 120 P.2d 208 (1941); State v. Jensen, 296 P.2d 618 (Or. 1956).

Perceiving no error, we affirm. NRS 172.155. Kinsey v. Sheriff, 87 Nev. 361, 487 P.2d 340 (1971).