PATRICIA MARIE LANE, Petitioner, *v.* THE HONORABLE ROY L. TORVINEN, Judge of the Second Judicial District Court of the State of Nevada, in and for the County of Washoe, Respondent.

No. 12954

SHERIFF, WASHOE COUNTY, NEVADA, Appellant, *v.* PATRICIA MARIE LANE, Respondent.

No. 13083

March 19, 1981                    624 P.2d 1385

*Goodman, Oshins, Brown & Singer, Chartered,* and *William B. Terry,* Las Vegas, for petitioner and respondent on appeal.

*Richard H. Bryan,* Attorney General, Carson City; *Calvin R. X. Dunlap,* District Attorney, and *Laurence P. Digesti,* Chief Criminal Deputy, Washoe County, for respondent on the prohibition proceeding and appellant on appeal.

## OPINION

*Per Curiam:*

On April 9, 1980, a four-count indictment was filed against several defendants, including Patricia Marie Lane. Counts I and III of the indictment charge swindling, NRS 465.070, and unlawful use of gaming cards, NRS 465.080. Counts II and IV charge conspiracy, NRS 199.480.

A pretrial habeas corpus petition challenged all four counts. The district court granted habeas relief as to counts I and III, but denied relief as to counts II and IV. Case No. 12954 is an original proceeding in which Lane seeks a writ of prohibition as to counts II and IV.[1] Case No. 13083 is an appeal by the sheriff as to counts I and III.[2]

### No. 12954

Lane first contends that the indictment does not state an offense against her because she is not named within the charging paragraphs. The indictment contains an introductory paragraph which names all of the various defendants, including Lane. Each count begins with a statement that "the said defendants" committed the charged offense. We agree with the district court's finding that the indictment gives adequate notice that each and every defendant is included in each count of the indictment. *See* State v. Nelson, 514 S.W.2d 581 (Mo. 1974); Hill v. State, 523 P.2d 1114 (Okla.Cr. 1974).

It is next argued that counts II and IV fail to contain statements of essential facts constituting the offenses charged. NRS

---

[1]Prohibition is an appropriate remedy to resolve a claim that the indictment does not charge a public offense. Konstantinidis v. Sheriff, 96 Nev. 285, 607 P.2d 584 (1980).

[2]*See* NRS 34.380(6).

173.075(1). An accusation must include such a description of the acts alleged to have been committed as will enable the accused to defend against the accusation. Simpson v. District Court, 88 Nev. 654, 503 P.2d 1225 (1972).

The gist of the crime of conspiracy is the unlawful agreement or confederation. State v. Smith, 184 A. 494 (R.I. 1936). Counts II and IV in the present case include allegations as to the date and place of the conspiracy, the object of the conspiracy, and the means by which the conspiracy was to be accomplished. The district court properly found that the conspiracy counts are adequate.

Other contentions attacking the adequacy of counts II and IV have been considered, and we find them to be without merit.

### No. 13083

Counts I and III charge swindling and unlawful use of gaming cards. The charges refer to conduct of certain defendants, but Lane is not mentioned. The state argues that Lane is to be included within general aiding and abetting language contained in counts I and III.

An accusation must include a description of the acts alleged to have been committed. Simpson v. District Court, *supra.* Specifically, an indictment alleging that a defendant aided and abetted the commission of a crime must provide information as to the acts performed by the defendant. Sheriff v. Standall, 95 Nev. 914, 604 P.2d 111 (1979). Conclusory allegations are insufficient. *Id.;* Earlywine v. Sheriff, 94 Nev. 100, 575 P.2d 599 (1978).

In the present case counts I and III contain no facts whatsoever showing how Lane aided and abetted the other defendants. The district court correctly found those counts to be insufficient as against Lane.[3]

For the foregoing reasons we deny the prohibition petition in No. 12954, and we affirm the district court in No. 13083.

---

[3]It should be noted that counts I and III do not allege that Lane is vicariously liable for substantive offenses because of her participation in a conspiracy. *See* McKinney v. Sheriff, 93 Nev. 70, 560 P.2d 151 (1977); State v. Beck, 42 Nev. 209, 174 P. 714 (1918). Rather, counts I and III are based solely on the theory that Lane aided and abetted other defendants in the commission of the substantive offenses.