RONALD LEWIS AND CALVIN LIGHTFORD, APPELLANTS, v. THE STATE OF NEVADA, RESPONDENT.

No. 13956

ROOSEVELT MILLER, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 14078

August 24, 1984                    686 P.2d 219

*Morgan D. Harris,* Public Defender, and *Susan Deems Roske,* Deputy Public Defender, Clark County, for Appellant Ronald Lewis.

---

*Charles L. Garner,* Las Vegas, for Appellant Calvin Lightford.

*Gary E. Gowen,* Las Vegas, for Appellant Roosevelt Miller.

*Brian McKay,* Attorney General, Carson City; *Robert Miller,* District Attorney, *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Appellants Ronald Lewis, Calvin Lightford and Roosevelt

Miller were jointly tried and convicted of conspiracy to sell heroin and of various counts of bribery in furtherance of that conspiracy. Miller and Lewis were also convicted of a conspiracy to sell cocaine. Their appeals have been consolidated for purposes of argument and disposition. Of the numerous issues raised, we find that only four merit discussion, and finding no error, affirm the convictions.

## THE FACTS

On August 27, 1980, members of the Las Vegas Metropolitan Police Department arrested appellant Miller after execution of a search warrant on the Mo-Mart Motel on the west side of Las Vegas, and the consequent discovery of heroin and a concealable firearm. Miller asked Detective John Henricksen, the arresting officer, if they could speak in private, and Henricksen gave him his phone number.

Miller met Detective Henricksen on September 10, 1980. He complained that the police presence in his area was hurting his heroin business, and offered to pay $150.00 to $200.00 per day to keep the police away. Henricksen said that he would have to check first with his superior, and thus began "Operation Pay Day," an undercover operation in which police officers appeared to cooperate with requests for protection or favors, in exchange for money.

Over the course of the next two months, Henricksen's superior, Sergeant Albright, met numerous times with Miller, and on one occasion with Lightford. At their meetings, Miller made specific requests for favors such as bail reduction for certain individuals and protection for particular locations such as Lightford's home. Lightford requested that an arrest warrant be "buried." Following each of these meetings, a "drop" or "drops" would be made by leaving various amounts of cash in Albright's car, unless Miller simply delivered the money directly to Albright during their meeting.

Ronald Lewis was present several times when Sergeant Albright met with Miller. At two meetings Lewis expressed his concern that they might have an informant, and asked Sergeant Albright to check certain names. At these meetings Miller described his operation. He explained that Lightford was his "runner," who would bring heroin from California. Lewis was one of his "most trusted employees." The security system included a telephone tie-in between the Mo-Mart Motel and the residences of Miller and Lightford.

Appellants were tried upon a 32 count grand jury indictment. After five weeks of testimony, the jury found Miller

guilty of thirteen counts of bribery, one count of conspiracy to sell heroin, and one of conspiracy to sell cocaine. Lightford was found guilty of five counts of bribery, and one count of conspiracy to sell heroin. Lewis was found guilty of four counts of bribery and conspiracy to sell heroin and cocaine.

Appellants seek reversal predicated upon a number of assignments of error.

## MULTIPLE BRIBERY COUNTS

Appellants contend that they were improperly charged, convicted and sentenced for multiple counts of bribery because the payments actually constituted installments upon a single agreement, rather than separate statutory offenses. We cannot agree with this characterization, either upon the facts or the law.

Appellants were convicted under NRS 197.020, which provides, in pertinent part:

> Every person who gives, offers or promises, directly or indirectly, any compensation, gratuity or reward to a person executing any of the functions of a public officer . . . with intent to influence him with respect to any act, decision, vote or other proceeding in the exercise of his powers or functions, shall be punished by imprisonment in the state prison for not less than 1 year nor more than 10 years, and may be further punished by a fine of not more than $10,000.

In this case, the police officers were approached at distinct times, with various propositions, and were paid for the use of their influence in distinct periods of time. These were clearly separate transactions.

Other courts which have examined similar statutes have concluded that they were intended to punish, as separate offenses, distinct acts of bribery, or the illegal giving or receiving of money to or by public officers, at different times, even if for the same general purpose, such as "protection." *E.g.,* Biddle v. Wilmot, 14 F.2d 505 (8th Cir. 1926); Patton v. United States, 42 F.2d 68 (8th Cir. 1930); United States v. Anderson, 509 F.2d 312 (D.C. Cir. 1974), *cert. denied,* 420 U.S. 991 (1975); State v. Hebert, 402 So.2d 675 (La. 1981). *Cf.* United States v. Alaimo, 297 F.2d 604 (3d Cir. 1961), *cert. denied,* 369 U.S. 817 (1962) (separate bi-monthly illegal receipts of money by employee representative from employer constituted separate offenses).

Under the facts presented the appellants were properly charged and convicted of the separate acts of bribery.

460

## WIRETAP EVIDENCE

Appellants argue that the affidavit supporting the order of authorization which permitted the gathering of wiretap evidence in this case did not meet the requirements of NRS 179.470(1)(c).[1] We do not agree.

The statute requires that the affidavit demonstrate either that "other investigative procedures have been tried and failed" or that such procedures "reasonably appear to be unlikely to succeed . . . or to be too dangerous" if tried. The affidavits in this case contained specific and well-corroborated information, based upon the observations of police officers, which documented both the dangers and the difficulties of the investigation. The affidavit therefore supplied the necessary factual basis to satisfy the requirement of the statute. *See* United States v. Turner, 528 F.2d 143 (9th Cir. 1975), *cert. denied sub nom.* Grimes v. United States, 423 U.S. 996 (1975) and *cert. denied sub nom.* Hackett v. United States, 429 U.S. 837 (1976).

## CONSPIRATOR LIABILITY

Appellant Lightford challenges his indictment on the ground that in charging him with the bribery counts, the state merely alleged his participation in a conspiracy with Miller.[2]

NRS 173.075(2) permits incorporation of the allegations of one count in another count of an indictment. It is settled in this state that evidence of participation in a conspiracy may, in itself, be sufficient evidence of aiding and abetting an act in furtherance of the conspiracy to subject the participant to criminal liability as a principal pursuant to NRS 195.020. *See* McKinney v. Sheriff, 93 Nev. 70, 560 P.2d 151 (1977); State v. Beck, 42 Nev. 209, 174 P. 714 (1918). We therefore reject this contention.

## EFFECTIVENESS OF COUNSEL

Appellant Lewis raises the claim that he was deprived of the

---

[1]NRS 179.470(1)(c) requires:

A full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous.

[2]Lightford's pretrial challenge to the indictment by way of petition for a writ of habeas corpus was denied by the district court; his subsequent challenge in this Court by way of a petition for a writ of prohibition was denied without prejudice to his right to raise the issue on this appeal. (Order of March 6, 1981, Case No. 13081).

right to the effective assistance of counsel, *see* Strickland v. Washington, ...... U.S. ......, 104 S.Ct.2052 (1984). Effectiveness of counsel may be reviewed after an evidentiary hearing has been held in which counsel can testify regarding his performance. Gibbons v. State, 97 Nev. 520, 522, 634 P.2d 1214, 1216 (1981).[3] We therefore will not now review this issue. The remaining assignments of error are meritless.

## CONCLUSION

We affirm the convictions of each of the three appellants, without prejudice to Lightford's right to raise the ineffectiveness of counsel issue in a petition for post-conviction relief.

[3]Although appellant's counsel took the stand and testified as to matters relevant to the effectiveness issue, the focus of the inquiry was whether transcripts of wiretap testimony had been made available, as required by NRS 179.500. If thus falls short of the hearing contemplated under *Gibbons.*