RONALD JOSEPH SELLERS, Appellant, *v.*
THE STATE OF NEVADA, Respondent.

No. 22770

December 4, 1992                    843 P.2d 362

Washoe County Public Defender and *Jane G. McKenna,* Chief Appellate Deputy, Washoe County, for Appellant.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Dorothy Nash Holmes,* District Attorney and *Gary H. Hatlestad,* Deputy District Attorney, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of one count each of first degree murder with the use of a deadly weapon in violation of NRS 200.010, NRS 200.030, and NRS 193.165; robbery with the use of a deadly weapon in violation of NRS 200.380 and NRS 193.165; conspiracy to commit robbery in violation of NRS 199.480 and NRS 200.380;

and burglary in violation of NRS 205.060. Appellant entered a guilty plea to being an ex-felon in possession of a firearm in violation of NRS 202.360. Pursuant to a jury imposition, the district court sentenced appellant to life without the possibility of parole for first degree murder and life without the possibility of parole for use of a deadly weapon. The district court also sentenced appellant to fifteen years for robbery and fifteen years for use of a deadly weapon, six years for conspiracy to commit robbery, ten years for burglary, and six years for being an ex-felon in possession of a firearm. All sentences are to be served consecutively.

Appellant contends that the jury's initial failure to designate the degree of murder on the verdict form rendered the guilty verdict void. Specifically, appellant contends that, because the jury returned a guilty verdict for "murder" rather than "murder in the first degree," and because the district court ordered the jury not to deliberate further, but to merely clarify its omission of the degree of the murder, the verdict was defective and no judgment or sentence could legally be pronounced. Because of the omission in designating the degree of the murder, appellant contends that the jury's verdict should be considered a finding of guilt of second degree murder only.[1] Appellant also contends that a new trial should be granted because appellant was not required to notify the district court of the omission from the verdict form of the degree of murder, and had appellant not raised the issue, a new trial would have been assured.

The state responds that the first degree murder conviction is not void because (1) the totality of the circumstances indicates that the jury intended the original verdict to be first degree murder and (2) the jury confirmed a first degree murder verdict after the district court instructed the jury to clarify its omission. For the reasons stated below, we conclude that the first degree murder verdict is not void due to the district court's order for a remedial jury clarification. Contrary to the state's contention, however, we further conclude that the district court could not have found, based on the totality of the circumstances, that the original verdict was sufficient to establish guilt of first degree murder.

The jury is required to designate in its verdict whether the defendant is guilty of murder of the first or second degree. NRS 200.030(3). The designation of the degree of guilt in a murder

---

[1]Appellant's argument that the jury's verdict should be considered a finding of guilt of second degree murder is necessarily inconsistent with appellant's argument that the jury's omission rendered the verdict void.

verdict is as indispensable as a finding of guilt in general. State v. Loveless, 62 Nev. 17, 25, 136 P.2d 236, 240 (1943). The district court is not free to consider the "totality of the circumstances" to decide the degree of murder where the jury omits the degree from the verdict. "A fact, by statute made essential to the efficacy of the judgment, is missing from the verdict and cannot be imported into it by reference to the information or by conjecture or anything of the kind." *Id.* at 22, 136 P.2d at 238. Therefore, we reject the state's argument that the district court could have declared the original verdict to be for first degree murder based on the totality of the circumstances.

Although the jury initially failed to return a verdict indicating the degree of murder, the district court ordered the jury to clarify its verdict. This is a sufficient remedy. *Cf.* NRS 16.180 (in civil proceedings, if verdict is insufficient in not covering issues submitted, the verdict may be corrected by the jury under the advice of the court); *see also* People v. Turner, 789 P.2d 887 (Cal. 1990), *cert. denied,* 111 S.Ct. 768 (1991); People v. Bonillas, 771 P.2d 844 (Cal.), *cert. denied,* 493 U.S. 922 (1989). The jury was still under the district court's control and admonitions when it reconvened for the purpose of clarifying the verdict. The jury clarified the verdict before hearing any sentencing evidence. Moreover, appellant failed to object to the jury instruction which stated that the jury should not enter into new deliberations. Therefore, the issue was not preserved for appeal. *See* Mercado v. State, 100 Nev. 535, 688 P.2d 305 (1984).

Finally, we note that the district court did not err in ordering the jury simply to reflect on its previous decision, instead of entering into new deliberations. Each juror was polled. There was a unanimous verdict of murder in the first degree.

Based on the foregoing, we affirm the judgment of conviction.[2]

---

[2]We further reject as without merit appellant's contention that a new trial should be granted because appellant raised the issue of the omission of the degree of murder, and had appellant not raised this issue, a new trial would have been assured.