An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

NICHOLAS B. HOWARD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61115

FILED

JUN 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal under NRAP 4(c) from a judgment of conviction, pursuant to a jury verdict, of burglary and preventing or dissuading a witness from testifying or producing evidence. Eighth Judicial District Court, Clark County; Abbi Silver, Judge.

First, appellant argues that the in-court identification by Valerie Burrell was unnecessarily suggestive. Appellant contends that the State's use of leading questions as to the identity of the individual on the surveillance tape as well as the individual's actions unfairly influenced the witness's identification of appellant at trial. Appellant failed to object at trial, thereby generally precluding appellate review, but we may address constitutional or plain error. *See Sterling v. State*, 108 Nev. 391, 394, 834 P.2d 400, 402 (1992). A review of the record reveals that it was the witness, Valerie Burrell, who first labeled the individual on the surveillance video "the defendant" and who continued to use that designation to describe the individual. The State clarified that the person she referred to as "the defendant" on the video was appellant, and she identified him in the courtroom. We are unconvinced by appellant's comparison of the use of leading questions at trial to the out-of-court

13 - 17486

unnecessarily-suggestive-identification procedures we have examined previously and conclude that no plain error occurred.

Second, appellant claims that the composite duplicate surveillance videotape should not have been admitted because the copy malfunctioned and was questionably edited. We review for constitutional or plain error as appellant failed to object at trial. *Id*. at 394, 834 P.2d at 402. NRS 52.245 provides that duplicates are admissible to the same extent as the original unless a genuine question is raised as to the authenticity of the original or it would be unfair to admit the duplicate in lieu of the original under the circumstances. Appellant does not challenge the authenticity of the original video but argues that because the copy inexplicably malfunctioned at the preliminary hearing, it was unfair to admit the duplicate over the originals. Burrell testified that she created the composite from the surveillance footage and identified the material on the duplicate as being a fair and accurate copy. Appellant fails to show any unfairness in admitting the composite duplicate surveillance videotape; he does not suggest that relevant or exculpatory evidence was deleted or that the duplicate was inaccurate. His bare assertion that the tape malfunctioned and therefore its admission was clearly unfair does not persuade us, and we discern no error by the district court in admitting the composite duplicate surveillance videotape.

Third, appellant argues that he was prejudiced at trial by the State's use of leading questions, particularly with Burrell. Appellant failed to object at trial, therefore we review for constitutional or plain error. *Sterling*, 108 Nev. at 394, 834 P.2d at 402. District courts have considerable discretion as to whether to allow leading questions, and unless the leading questions cause extreme prejudice, their use is not

ordinarily a ground for reversal. *See Leonard v. State*, 117 Nev. 53, 70, 17 P.3d 397, 408 (2001); *Barcus v. State*, 92 Nev. 289, 291, 550 P.2d 411, 412 (1976); *Anderson v. Berrum*, 36 Nev. 463, 470-71, 136 P. 973, 976 (1913)). After careful review of the record, we conclude that the leading questions did not cause appellant any prejudice or undermine the fairness of his trial. *See Rowland v. State*, 118 Nev. 31, 38, 39 P.3d 114, 118 (2002).

Fourth, appellant contends that insufficient evidence was adduced at trial to sustain his conviction of burglary. The standard of review for a claim of insufficient evidence is whether the evidence, when viewed in the light most favorable to the prosecution, was sufficient to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). What weight and credibility to give conflicting testimony is for the jury to determine, and a reviewing court will not disturb a verdict if it is supported by substantial evidence. *Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981).

Appellant claims that the State failed to establish that he had the requisite intent to commit a larceny when he had authorization to be in the hotel. "'As in any other case where the intent is material, the intent need not be proved by positive or direct evidence, but may be inferred from the conduct of the parties and the other facts and circumstances disclosed by the evidence.'" *Mathis v. State*, 82 Nev. 402, 406, 419 P.2d 775, 777 (1966) (quoting *State v. Thompson*, 31 Nev. 209, 217, 101 P. 557, 560 (1909)); *see also* NRS 193.200 ("Intention is manifested by the circumstances connected with the perpetration of the offense, and the sound mind and discretion of the person accused."). The jury heard testimony that, although appellant was not a registered guest, he had



permission from the director of hotel security to visit the guestroom area to briefly speak with friends who were staying at the hotel. The jury observed appellant on videotape speaking to a hotel maid then going into a guestroom he had no permission to enter. The jury saw appellant leaving the area with property that was later discovered to be missing from the guestroom. From the evidence presented, a juror could reasonably infer that appellant had the requisite intent to commit larceny upon entering the guestroom.

Having considered appellant's claims[1] and concluded that no relief is warranted, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Abbi Silver, District Judge
Oronoz & Ericsson
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[1]Appellant initially raised an insufficiency-of-evidence claim with regard to his conviction of preventing or dissuading a witness from testifying or producing evidence but subsequently withdrew the claim.