# IN THE SUPREME COURT OF THE STATE OF NEVADA

NICOLE SEATON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66590

FILED

JAN 1 5 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of multiple transactions involving fraud or deceit in course of enterprise or occupation, theft, obtaining money under false pretenses, and racketeering. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Appellant Nicole Seaton first argues that the district court erred in denying her motion for a new trial when the indictment failed to put her on notice of her racketeering charge. To provide a defendant with an opportunity to prepare an adequate defense, a charging instrument must provide adequate notice to the accused of the prosecution's theories by stating the essential facts constituting the offense in ordinary and concise language. NRS 173.075(1); *Viray v. State*, 121 Nev. 159, 162, 111 P.3d 1079, 1081-82 (2005). Its sufficiency will be determined by practical and not technical standards. *Laney v. State*, 86 Nev. 173, 178, 466 P.2d 666, 669 (1970). When the indictment is first challenged after all the evidence has been presented, as here, a reduced standard of review will be applied, and any defect will be disregarded unless it affected Seaton's substantial rights by impairing her ability to prepare a defense. *See State*

16-01566

*v. Jones,* 96 Nev. 71, 76, 605 P.2d 202, 205-06 (1980). The racketeering count alleged liability through specific sections of NRS 207.400(1), the indictment alleged specific acts of misconduct involving specific victims, *see Lewis v. State,* 100 Nev. 456, 460, 686 P.2d 219, 221 (1984) ("NRS 173.075(2) permits incorporation of the allegations of one count in another count of an indictment."), and the racketeering count alleged a course of criminal conduct into which these specific acts fit. Unlike the indictment in *State v. Hancock,* 114 Nev. 161, 955 P.2d 183 (1998), the present indictment specifically alleged how Seaton participated in the charged conduct and thus we reject Seaton's contention that the racketeering count impermissibly grouped the defendants together. *See Lane v. Torvinen,* 97 Nev. 121, 122, 624 P.2d 1385, 1386 (1981). We conclude that Seaton had practical notice of the State's theory of racketeering and an adequate opportunity to prepare her defense and that the district court did not abuse its discretion in denying her motion for a new trial. *See State v. Carroll,* 109 Nev. 975, 977, 860 P.2d 179, 180 (1993) (reviewing district court's denial of motion for new trial for abuse of discretion).

Second, Seaton argues that the district court erred in denying her motion for an advisory verdict because insufficient evidence supported her convictions. The district court has discretion to advise the jury to acquit a defendant when it deems the evidence insufficient for a conviction, NRS 175.381(1), and we review its decision for an abuse of discretion, *Milton v. State,* 111 Nev. 1487, 1494, 908 P.2d 684, 688 (1995). We conclude that the State has produced sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact for three counts as to victim DS, three counts as to RN, and racketeering.

*See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998).

The record shows the following. Seaton worked for the club as an attendant. DS entered, was greeted by his attendant, and paid $300-400 for time with one of the attendants on the suggestion that he had paid for sexual services. DS's attendant was named "Nicole," and no other "Nicole" worked for the club other than Seaton. Seaton persuaded DS to upgrade and pay again for sexual services after DS's initial transaction. DS paid an additional $1500 at Seaton's behest. After upgrading, Seaton massaged DS's feet again and told him that he would need to pay more money, again, if he wanted other parts massaged.

As to RN, Seaton's name was written on his receipt, and she was among the five women who collaborated in defrauding RN of more than $7000 by participating in RN's third transaction. RN's attendant perpetrated a fraud where she implied to RN that he was buying sexual services from the five women for an hour, and RN's attendant enlisted other attendants to participate in this fraud. The women provided no sexual services and danced around a pole briefly before leaving after less than an hour. Seaton was not RN's initial attendant or present for his first two upgrades.

Seaton, as with the other attendants, was given a script to use in defrauding victims, was instructed on how to dress and perform, attended staff meetings at which the club's business practices of fraud were discussed, and used a signal to inform bouncers to remove from the premises an upset victim who had been defrauded. Seaton was featured in the club's printed advertising materials that insinuated the sale of

Supreme Court
OF
Nevada

(O) 1947A

sexual services and was one of the most effective attendants at getting victims to upgrade.

The jury could reasonably infer from the evidence presented that Seaton knowingly and with fraudulent intent engaged in an act or course of business that operated a fraud by falsely representing something Seaton knew to be false, that she intended DS and RN to rely upon, and that resulted in a loss to DS and RN in at least two transactions, *see* NRS 205.377(1); that Seaton knowingly obtained property from DS and RN by material misrepresentations with the intent to deprive them of that property, *see* NRS 205.0832(1)(c); that Seaton knowingly and intentionally obtained more than $250 each from DS and RN by false pretense with the intent to cheat or defraud them, *see* NRS 205.380(1) (2010); and that Seaton was employed by Club Exclusive II and participated in obtaining money by false pretenses, obtaining property by false pretenses, and taking property from another under circumstances not amounting to robbery through its affairs and that these crimes had similar patterns, *see* NRS 207.360(9), (26), (33); NRS 207.390; NRS 207.400(1)(c)(2). Circumstantial evidence is enough to support a conviction. *Lisle v. State*, 113 Nev. 679, 691-92, 941 P.2d 459, 467-68 (1997), *holding limited on other grounds by Middleton v. State*, 114 Nev. 1089, 1117 n.9, 968 P.2d 296, 315 n.9 (1998). As such, we conclude that the district court did not abuse its discretion in denying Munoz's motion for an advisory verdict.

Third, Seaton argues that the district court improperly admitted prior-bad-act evidence without holding an evidentiary hearing beforehand. To overcome the presumption against the inadmissibility of uncharged prior bad acts, the State must show its propriety at a hearing outside the presence of the jury. *Tavares v. State*, 117 Nev. 725, 731, 30

P.3d 1128, 1131 (2001), *modified on other grounds by Mclellan v. State*, 124 Nev. 263, 182 P.3d 106 (2008). This requirement may apply to uncharged prior bad acts committed by coconspirators. *See Flores v. State*, 116 Nev. 659, 662-63, 5 P.3d 1066, 1068 (2000). The district court's failure to conduct a proper hearing is not cause for reversal where the result would have been the same if the district court had not admitted the evidence. *Qualls v. State*, 114 Nev. 900, 903-04, 961 P.2d 765, 767 (1998). Seaton failed to object contemporaneously, and we review this contention for plain error affecting her substantial rights. *Mclellan*, 124 Nev. at 269, 182 P.3d at 110. The State elicited brief testimony regarding a prior book-sale fraudulent scheme to emphasize that the essential purpose of the club was to perpetrate fraud. By failing to conduct a hearing as to the propriety of this evidence, the district court committed error. The State's subsequent reference to the testimony in closing, however, was permissible argument on the evidence presented. *See Klein v. State*, 105 Nev. 880, 884, 784 P.2d 970, 973 (1989). In light of the overwhelming evidence of the fraudulent reflexology scheme perpetrated at Club Exclusive II, the very brief discussion of the book-sale fraud, and sufficient evidence supporting Seaton's convictions, we conclude that the outcome would have been the same had this evidence not been admitted and that Seaton has failed to show that this error affected her substantial rights.

Lastly, Seaton argues that cumulative error deprived her of a fair trial. As she has identified only the prior-bad-acts hearing error, which does not warrant reversal, we conclude that this ground does not warrant relief.

Having considered Seaton's contentions and concluded that they are without merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:    Hon. David B. Barker, District Judge
Drummond Law Firm
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk