# IN THE SUPREME COURT OF THE STATE OF NEVADA

GIA BUFORD, A/K/A JACQUELINE
BUFORD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66147

FILED

JAN 15 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of five counts of multiple transactions involving fraud or deceit in the course of enterprise or occupation, five counts of theft, four counts of obtaining money under false pretenses, and one count each of attempt to obtain money under false pretenses and racketeering. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Appellant Gia Buford first argues that the indictment failed to provide sufficient notice of the State's theory of racketeering by improperly failing to specify two predicate offenses for racketeering liability and failing to distinguish which defendant performed what racketeering conduct. To provide a defendant with an opportunity to prepare an adequate defense, a charging instrument must provide adequate notice to the accused of the prosecution's theories by stating the essential facts constituting the offense in ordinary and concise language. NRS 173.075(1); *Viray v. State*, 121 Nev. 159, 162, 111 P.3d 1079, 1081-82 (2005). Its sufficiency will be determined by practical and not technical

16-01453

standards. *Laney v. State*, 86 Nev. 173, 178, 466 P.2d 666, 669 (1970). When the indictment is first challenged after all the evidence has been presented, a reduced standard of review will be applied, and any defect will be disregarded unless it affected Buford's substantial rights by impairing her ability to prepare a defense. *See State v. Jones*, 96 Nev. 71, 76, 605 P.2d 202, 205-06 (1980). The racketeering count alleged liability through specific sections of NRS 207.400(1), the indictment alleged specific acts of misconduct involving specific victims, *see Lewis v. State*, 100 Nev. 456, 460, 686 P.2d 219, 221 (1984) ("NRS 173.075(2) permits incorporation of the allegations of one count in another count of an indictment."), and the racketeering count alleged a course of criminal conduct into which these specific acts fit. Buford's predicate-offense argument disregards that liability under NRS 207.400(1) may be established without finding commission of two or more crimes related to racketeering, such as by conspiring to participate in racketeering activity through the affairs of an enterprise. *See* NRS 207.400(1)(j). Further, the indictment alleged that Buford committed far more than two predicate offenses. Unlike the indictment in *State v. Hancock*, 114 Nev. 161, 955 P.2d 183 (1998), the present indictment specifically alleged how Buford participated in the charged conduct—through management and supervision in most instances—and thus we reject Buford's contention that the racketeering count impermissibly grouped the defendants together. *See also Lane v. Torvinen*, 97 Nev. 121, 122, 624 P.2d 1385, 1386 (1981). We conclude that Buford had notice of the State's theory of racketeering.

Second, Buford argues that the district court abused its discretion by refusing her instruction on racketeering and providing an

improper instruction that allowed the jury to find her guilty of racketeering without specifically finding that she committed two predicate offenses. We review de novo "whether a proffered instruction is a correct statement of the law," *Nay v. State*, 123 Nev. 326, 330, 167 P.3d 430, 433 (2007), and review the district court's denial of a proposed instruction for an abuse of discretion or judicial error, *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005). Buford's argument lacks merit and reflects a misunderstanding of Nevada's racketeering statutes. Buford's proffered instruction was deficient by suggesting that the jury could only find her guilty of racketeering under NRS 207.400(1)(c). The indictment alleged liability under other subsections of NRS 207.400(1) as well as under NRS 207.400(1)(c). The relevant instruction provided to the jury included the statutory text and allowed the jury to apply the precise language of the statute to the facts presented to it. Further, while Buford's conviction did not require a determination that she was engaged in two or more crimes related to racketeering if the jury found her culpable under a section other than NRS 207.400(1)(c), even if it did, she was convicted of 15 offenses classifiable as crimes related to racketeering. *See* NRS 207.360. We conclude that the provided instruction correctly stated the law, and the district court did not abuse its discretion in denying the defense's proposed instruction.

Third, Buford argues that the legislature intended to repeal the statute codifying the common law offense of obtaining money by false pretenses when it enacted the comprehensive theft statute and requests that this court find the former repealed by implication. Repeal by implication is strongly disfavored, and this court will not repeal a statute

 

by implication "unless there is no other reasonable construction of the two statutes." *Washington v. State*, 117 Nev. 735, 739, 30 P.3d 1134, 1137 (2001). We observe that the statutes have subtle distinctions: obtaining money by false pretenses presents a different intent element from theft by material misrepresentation, namely "intent to cheat or defraud the other person" for obtaining money by false pretenses, NRS 205.380(1), and "intent to deprive that person of the property or services" for theft by misrepresentation, NRS 205.0832(1)(c). Legislative history disfavors repeal by implication, as the legislature adopted the text of Arizona's statute, but did not follow its example in repealing the prior statute proscribing the common law offense of obtaining money by false pretenses. Hearing on A.B. 694 Before the Senate Comm. on Judiciary, 65th Leg. (Nev., June 13, 1989). Further, each statute has been subsequently amended without curtailing the other. *See, e.g.*, 2001 Nev. Stat., ch. 587, § 1, at 3024-25 (NRS 205.0832); 1999 Nev. Stat., ch. 105, § 2, at 397-98 (NRS 205.380). As the two statutes do not conflict and the legislature has not suggested that it intended to repeal the prior statute, we decline to hold NRS 205.380 repealed by implication. *Washington*, 117 Nev. at 739, 30 P.3d at 1137.

Fourth, Buford argues that her convictions for obtaining money under false pretenses and theft arising out of the same transaction violate the prohibition against double jeopardy. When two statutes penalize the same conduct, the *Blockburger v. United States*, 284 U.S. 299 (1932), test determines whether each contains an element distinct from the other and thereby whether punishment under both statutes violates double jeopardy. *Jackson v. State*, 128 Nev., Adv. Op. 55, 291 P.3d 1274,

1278 (2012). We note that Buford has failed to discuss the elements of the contested counts to demonstrate an error under *Blockburger*. Mere reference to a codefendant's earlier writ petition is not dispositive. As she has failed to provide cogent argument supporting her request for relief, we decline to consider this claim. *See Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

Fifth, Buford argues that the verdict was deficient for failing to specify the value that was fraudulently obtained in count 13 (attempt to obtain property under false pretenses). If the value of property obtained under false pretenses exceeds $250 (as of 2010), then it is a category B felony; otherwise, it is a misdemeanor. NRS 205.380(1); *see* NRS 193.330. A fact that must be determined to establish an element of an offense must be determined by the jury. *See Sellers v. State*, 108 Nev. 1017, 1018-19, 843 P.2d 362, 364 (1992). Buford failed to object to the verdict form below, and we review her contention for plain error. *Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003). The jury is presumed to follow its instructions and here was instructed that the offense of obtaining property under false pretenses required the property obtained to be worth $250 or more and that the jury must determine the value of the relevant property. *See Leonard v. State*, 117 Nev. 53, 66, 17 P.3d 397, 405 (2001). We conclude that Buford has not shown that the verdict form amounted to plain error that affected her substantial rights.

Lastly, Buford argues that the State presented insufficient evidence to support the jury's finding of guilt. Our review of the record on appeal, however, reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v.*

*Virginia*, 443 U.S. 307, 319 (1979); *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998).

The record shows that Buford supervised the attendants at the club, instructed the attendants on how to dress and how to interact with prospective victims, provided the attendants with scripts, and oversaw staff meetings during which the club's practices were discussed. Buford hired, instructed on how to act, and induced to commit fraud the attendants who induced victims to pay money by material misrepresentations. Buford intentionally managed and supervised the club, and the sole apparent purpose of the club was misrepresenting the sale of sexual services and physically removing victims after conducting as many fraudulent transactions as possible. Buford engaged in more than two crimes of fraud related to racketeering with similar patterns and within five years of each other and participated in the club's affairs through this racketeering activity.

The jury could reasonably infer from the evidence presented that Buford committed five counts of theft, five counts of multiple transactions involving fraud or deceit in the course of enterprise or occupation, four counts of obtaining money under false pretenses, one count of attempt to obtain money under false pretenses, and one count of racketeering. *See* NRS 205.0832; NRS 205.377; NRS 205.380; NRS 205.400. Circumstantial evidence is enough to support a conviction. *Lisle v. State*, 113 Nev. 679, 691-92, 941 P.2d 459, 467-68 (1997), *holding limited on other grounds by Middleton v. State*, 114 Nev. 1089, 1117 n.9, 968 P.2d 296, 315 n.9 (1998). Buford's argument that the indictment did not allege her direct participation misapprehends the indictment, which

alleges her supervision, hiring, and instruction of the attendants who interacted with the victims—such oversight alleges Buford's participation as a principal. NRS 195.020.

Having considered Buford's contentions and concluded that they are without merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:   Hon. David B. Barker, District Judge
      Nguyen & Lay
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk