**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John Rudy MENDEZ, Defendant–Appellant.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John CHAVEZ, Defendant–Appellant.**

**Nos. 91–50807, 91–50833.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 1992.

Submitted Dec. 7, 1992.*

Decided May 12, 1993.

---

* The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34–4.

§ 1951 is a "crime of violence" under 18 U.S.C. § 924(c)(1). We hold that such a conspiracy categorically violates § 924(c)(1) because by its nature it involves a substantial risk that physical force may be used against a person or property in the course of committing the offense.

## STATEMENT OF FACTS

John Chavez and John Rudy Mendez were arrested on April 30, 1991, as they awaited the arrival of an armored truck that they intended to rob. At the time of their arrest, Chavez and Mendez had in their possession two .38 caliber revolvers, gloves, and other items of clothing to be used to commit armed robbery.

Chavez and Mendez were indicted for, *inter alia,* conspiracy to interfere with interstate commerce by robbery ("conspiracy to rob") in violation of § 1951, and carrying or using a firearm in the commission of a "crime of violence" in violation of § 924(c)(1). They pled guilty to the conspiracy charge but moved to dismiss the firearm charge, arguing that conspiracy to rob under § 1951 was not a "crime of violence" under § 924(c)(1). On September 16, 1991, the district court denied the motion to dismiss. Chavez and Mendez then entered a conditional guilty plea to all counts and timely appealed the denial of their motion. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We hold that conspiracy to rob under § 1951 is a "crime of violence" under § 924(c)(3)(B) and therefore affirm the district court.

## DISCUSSION

### A

Section 924(c)(1) provides that "[w]hoever, during and in relation to any crime of violence ... uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence ... be sentenced to imprisonment for five years...." 18 U.S.C. § 924(c)(1) (1988). Section 924(c)(3) defines a "crime of violence" as any felony that:

(A) has *as an element* the use, attempted use, or threatened use of physical force against the person or property of another, or

David R. Reed, Beverly Hills, CA, Michael J. Brennan, Manhattan Beach, CA, for defendants-appellants.

Kimberly A. Dunne, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before CANBY, BOOCHEVER and THOMPSON, Circuit Judges.

BOOCHEVER, Circuit Judge:

This appeal raises the question of whether conspiracy to interfere with interstate commerce by robbery in violation of 18 U.S.C.

(B) that *by its nature*, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. *Id.* § 924(c)(3) (emphasis added). Thus to convict under § 924(c)(1), the underlying substantive offense must be a "crime of violence" as defined by § 924(c)(3).

In the present case, the underlying offense is conspiracy to rob in violation of 18 U.S.C. § 1951 (1988). Section 1951 provides in pertinent part:

(a) Whoever in any way or degree obstructs, delays, or affects commerce ... by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined not more than $10,000 or imprisoned not more than twenty years, or both.

(b) As used in this section—

(1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence....

*Id.* The district court ruled that conspiracy to rob in violation of § 1951 presents a substantial risk that force may be used in the course of the conspiracy. Chavez and Mendez argue that the district court misinterpreted § 924(c)(3). They assert that conspiracy to rob under § 1951 is not a "crime of violence" and that therefore they did not violate § 924(c)(1). We review this question of statutory interpretation de novo. *United States v. Martinez–Jimenez*, 864 F.2d 664, 665 (9th Cir.), *cert. denied*, 489 U.S. 1099, 109 S.Ct. 1576, 103 L.Ed.2d 942 (1989).

### B

In deciding whether conspiracy to rob is a "crime of violence," we ask whether such a conspiracy by definition constitutes a "crime of violence" under either § 924(c)(3)(A) or (B). This categorical approach is in contrast to the circumstantial or case-by-case method that requires the district court to inquire into the facts of the particular case. *See United States v. Springfield*, 829 F.2d 860, 862–63

(9th Cir.1987) (using categorical, rather than circumstantial, test in determining whether involuntary manslaughter is a "crime of violence" under § 924(c)(3)); *see also Taylor v. United States*, 495 U.S. 575, 600–02, 110 S.Ct. 2143, 2159–2160, 109 L.Ed.2d 607 (1990) (categorical approach required to determine whether prior burglary was "violent felony" under 18 U.S.C. § 924(e)); *United States v. Sherbondy*, 865 F.2d 996, 1009–10 (9th Cir.1988) (categorical approach required in deciding whether witness intimidation was "violent felony" under § 924(e)).

When a statute defines a crime using several permutations, any one of which constitutes the same offense, employing the categorical approach to determine whether the offense is a "crime of violence" becomes more complicated. Section 1951 is such a statute. A person may be convicted for violating § 1951 if he interferes with interstate commerce by robbery, extortion, attempting or conspiring to rob or extort, or committing or threatening violence in furtherance of a plan or purpose to violate the statute. Thus the question arises whether every permutation of § 1951 must be a "crime of violence" to find categorically that a § 1951 offense is a "crime of violence," or whether a categorical finding requires only that the particular permutation for which the defendant is convicted be a "crime of violence."

*United States v. Potter*, 895 F.2d 1231 (9th Cir.), *cert. denied*, 497 U.S. 1008, 110 S.Ct. 3247, 111 L.Ed.2d 757 (1990), and *United States v. Selfa*, 918 F.2d 749 (9th Cir.), *cert. denied*, 498 U.S. 986, 111 S.Ct. 521, 112 L.Ed.2d 532 (1990), provide guidance on this point. In *Potter* we stated that a prior conviction for "rape by force" under Cal. Penal Code § 261(2), would constitute a "violent felony" for purposes of sentence enhancement under § 924(e), despite the fact that other subsections of § 261 defined rape in a way that did not constitute a "violent felony." *Potter*, 895 F.2d at 1237 & n. 4. In *Selfa* we held that a conviction for robbing a bank "by force and violence, or by intimidation" under 18 U.S.C. § 2113(a) was a "crime of violence" for purposes of sentence enhancement under § 4B1.1 of the Sentencing Guidelines, despite the fact that another portion of § 2113(a) did

not involve violence. *Selfa,* 918 F.2d at 751. We noted the following:

> The second paragraph [of § 2113(a)] describes an entry or attempt to enter a bank with intent to commit a felony in it. The second paragraph does not describe a crime of violence. In [*Potter*] we held that a defendant may not be convicted as a career offender where the presentence report indicates only that the defendant was previously convicted under an umbrella statute describing crimes of both violence and of non-violence, and where the presentence report did not indicate under which subsection of the statute the defendant was convicted. In this case, however, the presentence report clearly shows that it was based upon a review of relevant portions of the record underlying the prior convictions, including a review of the charging documents, which showed that this defendant had been convicted of actual bank robbery pursuant to the first paragraph of 18 U.S.C. § 2113(a).

*Id.* at 752 n. 2. Accordingly, where a defendant has been convicted under a statute describing crimes of both violence and nonviolence, we need only find that the charged crime for which the defendant was convicted constitutes a "crime of violence" to conclude categorically that the charged offense may serve as a predicate for a § 924(c) violation.

■ Our holding on this point is reconcilable with *Sherbondy,* where we held that a conviction for intimidating a witness under Cal.Penal Code § 136.1(c)(1) was not a "violent felony" under § 924(e) because some subsets of conduct under § 136.1(c)(1) were not violent felonies. *Sherbondy,* 865 F.2d at 1010–11. It appears that the court in *Sherbondy* was unclear regarding the § 136.-1(c)(1) permutation of which the defendant was convicted. The opinion does not indicate that the indictment specified an offense any narrower than the full range of conduct under the statute. Indeed, the extrinsic evidence that the defendant sought to introduce suggested that the conduct did not involve weapons or any display of force. *Id.* at 999. Because the court could not determine which provision of the statute describing both violent and nonviolent conduct was the source of conviction, it could not hold that the convic-

tion was categorically a "violent felony." In this case, however, the indictment expressly states which of the various permutations of § 1951 is the source of conviction. We may consider an indictment in determining the nature of a predicate offense using the categorical approach. *See United States v. Sweeten,* 933 F.2d 765, 768–69 (9th Cir.1991) (district court erred by not looking to signed guilty plea and indictment in deciding whether an offense was a "violent felony" under § 924(e)).

### C

■ We do not address whether conspiracy to rob in violation of § 1951 is a "crime of violence" under subsection (A) of § 924(c)(3) because we conclude that it is a "crime of violence" under subsection (B). Robbery indisputably qualifies as a crime of violence. *See* 18 U.S.C. § 1951(b)(1) (containing element of "actual or threatened force, or violence"). We determine today that conspiracy to rob in violation of § 1951 "by its nature, involves a substantial risk that physical force ... may be used in the course of committing the offense." § 924(c)(3)(B).

We draw upon the reasoning of the Second Circuit to support our holding:

> The existence of a criminal grouping increases the chances that the planned crime will be committed beyond that of a mere possibility. Because the conspiracy itself provides a focal point for collective criminal action, attainment of the conspirators' objectives becomes instead a significant *probability.* Thus, ascribing an ordinary meaning to the words, a conspiracy to commit an act of violence is an act involving a "substantial risk" of violence. Moreover, it was not the aim of Congress to enable a person charged with conspiracy to commit a crime of violence to avoid the strictures of [18 U.S.C. § 3156(a)(4)], simply because his arrest prevents the bringing about of the conspiracy's objectives.

*United States v. Chimurenga,* 760 F.2d 400, 404 (2nd Cir.1985) (citations omitted) (holding that conspiracy to rob in violation of § 1951 is a "crime of violence" within the meaning of § 3156(a)(4) of the Bail Reform

Act). Likewise, where conspirators agree to use "actual or threatened force, or violence" to obtain personal property from another, § 1951(b)(1), the risk that physical force may be used in the course of the conspiracy is substantial within the meaning of § 924(c)(3)(B).

Our holding is further supported by other courts who have followed the *Chimurenga* analysis and held that conspiracy to commit a crime of violence is a "crime of violence" under the substantial risk definition of § 924(c)(3)(B) or its equivalent. *United States v. Johnson*, 962 F.2d 1308, 1311–12 (8th Cir.) (holding that conspiracy to commit bank robbery in violation of 18 U.S.C. § 2113(a) is a "crime of violence" under § 924(c)), *cert. denied,* — U.S. —, 113 S.Ct. 358, 121 L.Ed.2d 271 (1992), *and cert. denied,* — U.S. —, 113 S.Ct. 1418, 122 L.Ed.2d 788 (1993); *United States v. Patino*, 962 F.2d 263, 267 (2nd Cir.) (citing *Chimurenga*, holding that conspiracy to kidnap in violation of 18 U.S.C. § 1201(c) is a "crime of violence" under § 924(c)(3)(B)), *cert. denied,* — U.S. —, 113 S.Ct. 354, 121 L.Ed.2d 268 (1992); *United States v. Greer*, 939 F.2d 1076, 1099 (5th Cir.1991) (citing *Chimurenga*, holding that conspiracy to deny citizens their civil rights in violation of 18 U.S.C. § 241 is a "crime of violence" under § 924(c)(3)(B)), *aff'd,* 968 F.2d 433 (5th Cir. 1992) (en banc), *cert. denied,* — U.S. —, 113 S.Ct. 1390, 122 L.Ed.2d 764 (1993); *United States v. Juvenile Male*, 923 F.2d 614, 620 (8th Cir.1991) (citing *Chimurenga*, holding that conspiracy to commit murder is a "crime of violence" under 18 U.S.C. § 16(b), which defines "crime of violence" as a felony that, by its nature, involves a substantial risk that physical force may be used); *United States v. Cruz*, 805 F.2d 1464, 1474 n. 11 (11th Cir.1986) (citing *Chimurenga*, stating in dicta that any conspiracy to commit a crime of violence creates a substantial risk of violence), *cert. denied,* 481 U.S. 1006, 107 S.Ct. 1631, 95 L.Ed.2d 204, *and cert. denied,* 482 U.S. 930, 107 S.Ct. 3215, 96 L.Ed.2d 702 (1987).

## CONCLUSION

Because conspiracy to interfere with interstate commerce by robbery in violation of § 1951 categorically creates a substantial risk that physical force may be used, we affirm the convictions and sentences of Chavez and Mendez under § 924(c).

AFFIRMED.