**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Manuel PHILLIPS, Defendant–**
**Appellant.**

No. 99–50565.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 2001[1].

Decided Jan. 19, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before TROTT, THOMAS and BERZON, Circuit Judges.

MEMORANDUM[2]

Manuel Phillips pled guilty and was convicted under 18 U.S.C. § 1951 for conspiracy to interfere with commerce by robbery. He appeals his conviction and sentence. We affirm. Because the parties are familiar with the factual and pro-

---

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

cedural history of this case, we will not recount it here.

■ 1. Because Williams entered an unconditional plea of guilt, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea." *United States v. Floyd*, 108 F.3d 202, 204 (9th Cir.1997) (quotation omitted). Thus, we lack jurisdiction to hear Phillips's argument that the district court erred in admitting the audiotape of his co-conspirator's unwittingly given description of the crime.

■ 2. The district court denied Phillips's motion to withdraw his guilty plea, a decision which we review for an abuse of discretion. *United States v. Alber*, 56 F.3d 1106, 1111 (9th Cir.1995). Although a motion to withdraw a guilty plea should be freely allowed, a defendant has no right to withdraw his guilty plea, and a withdrawal motion is committed to the sound discretion of the district court. *Id.*

■ Contrary to his assertions, Phillips's plea was not involuntary as being the product of threats, improper promises, or other forms of wrongful coercion. *United States v. Hernandez*, 203 F.3d 614, 618 (9th Cir.2000). His attorney testified that he discussed with Phillips the Plea Agreement and all its terms and conditions, including the consequent waiver of constitutional rights. The district judge conducted a complete and extensive Rule 11 inquiry. Phillips admits that he knew what he was saying during this colloquy. Phillips has apparently simply had a "change of heart," which will not support reversing a district court's denial of a motion to withdraw a guilty plea. *United States v. Rios–Ortiz*, 830 F.2d 1067, 1069–70 (9th Cir.1987).

■ His plea was also not, as he claims, unintelligent. The record indicates that he possessed the information necessary to assess intelligently "the advantages and disadvantages of a trial as compared with those attending a plea of guilty." *Hernandez*, 203 F.3d at 618 (quotation omitted). Phillips had his legal materials long enough to review them; in fact, he objected to the stipulated statement of facts and had the government alter them. The district court's questioning of Phillips during the Rule 11 colloquy indicates that Phillips had a copy of the Plea Agreement in front of him and had discussed the Plea Agreement thoroughly with his attorney.

Phillips "does not challenge the adequacy of his Rule 11 hearing, nor does he allege newly discovered evidence, intervening circumstances, or any other reason for withdrawing his plea that did not exist when he pleaded guilty." *Rios–Ortiz*, 830 F.2d at 1069. Thus, the district court did not abuse its discretion in denying Phillips's motion to withdraw his plea of guilty.

■ 3. Contrary to Phillips's assertions, conspiracy to interfere with commerce by robbery is a "crime of violence" under Sentencing Guidelines § 4B1.2, and thus is a predicate offense that qualifies him as a career offender. His argument is foreclosed by our decision in *United States v. Heim*, 15 F.3d 830, 832 (9th Cir.1994). In *Heim*, we held that the Sentencing Commission possessed the authority to include conspiracy to commit a "controlled substance offense" as a predicate offense for career offender status. *Heim*, 15 F.3d at 832. Our reasoning in *Heim* extends to conspiracies to commit crimes of violence; the decision to include "conspiracy" as a predicate offense in the career offender guidelines is as much within the Commission's granted authority with respect to crimes of violence as it is with respect to "controlled substance offenses." Thus, the

district court did not err in finding that conspiracy to interfere with commerce by robbery is a crime of violence to which the career offender guideline applies. *Accord United States v. Mendez,* 992 F.2d 1488, 1492 (9th Cir.1993) (conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951 is a "crime of violence" under 18 U.S.C. § 924(c)(3)(B)).

4. Given our holding that Phillips qualifies as a career offender, we need not address the question of whether the district court abused its discretion in adding four levels based on Phillips's role in the crime. *See* U.S.S.G. § 4B1.1 ("If the offense level for a career criminal [from this guideline] is greater than the offense level otherwise applicable, the offense level [from this guideline] shall apply."); *cf. United States v. Sanders,* 41 F.3d 480, 486–87 (9th Cir.1994) (holding that error was harmless and remand was unnecessary where error in calculation of criminal history did not alter sentencing range).

5. Phillips's claims of ineffective assistance of counsel are premature because the record "lacks a sufficient evidentiary basis as to what counsel did, why it was done, and what, if any, prejudice resulted." *United States v. Quintero–Barraza,* 78 F.3d 1344, 1347 (9th Cir.1995) (internal quotation omitted). Accordingly, we do not reach the merits of his claim in this direct appeal. *United States v. Daly,* 974 F.2d 1215, 1218 (9th Cir.1992).

AFFIRMED.