

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-28-2007

# USA v. Gilliard

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1711

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Gilliard" (2007). *2007 Decisions.* Paper 363.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/363

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-1711
_____

UNITED STATES OF AMERICA

v.

EDWARD M. GILLIARD,

Appellant.

_____

On Appeal From the United States District Court
for the Eastern District of Pennsylvania
(No. 04-cr-00355-2)
District Judge:  Honorable Jan E. DuBois

Submitted Under Third Circuit LAR 34.1(a)
Friday, September 14, 2007

Before: RENDELL, FUENTES, and CHAGARES, Circuit Judges.

(Filed: September 28, 2007 )

_____

OPINION OF THE COURT
_____

CHAGARES, <u>Circuit</u> <u>Judge</u>.

A jury convicted Edward M. Gilliard of conspiracy to commit Hobbs Act robbery, 18 U.S.C. §§ 371, 1951(a); aiding and abetting an attempted Hobbs Act robbery, 18 U.S.C. §§ 2, 1951(a); and aiding and abetting the using and carrying of a firearm during and in relation to a crime of violence, 18 U.S.C. §§ 2, 924(c).[1] In this appeal, Gilliard challenges the sufficiency of the evidence as to all three counts. He also claims the District Court's jury instructions impermissibly directed a verdict on the "crime of violence" element of the § 924(c) offense. As explained below, we disagree with Gilliard's contentions and will affirm the District Court's judgment.

I.

We begin with Gilliard's insufficiency arguments, and apply a "particularly deferential standard of review." <u>United States v. Dent</u>, 149 F.3d 180, 187 (3d Cir. 1998).[2] We must assess "the evidence in the light most favorable to the verdict and ask whether a reasonable jury could have found that the contested elements were proven beyond a reasonable doubt." <u>United States v. Cohen</u>, 301 F.3d 152, 156-57 (3d Cir. 2002). "[T]he evidence need not unequivocally point to the defendant's guilt as long as it permits a finding of guilt beyond a reasonable doubt." <u>United States v. Davis</u>, 183 F.3d 231, 238 (3d Cir. 1999). In short, a "claim of insufficiency of the evidence places a very heavy

[1]In addition, after the verdict, the District Court granted Gilliard's motion for a judgment of acquittal on a fourth count.

[2]Because we write only for the parties, we will not recount the facts separately.

2

burden on the appellant."  United States v. Coyle, 63 F.3d 1239, 1243 (3d Cir. 1995).

Gilliard was convicted of both conspiracy to commit Hobbs Act robbery, and aiding and abetting an attempted Hobbs Act robbery.  Under the Hobbs Act, robbery is a federal crime when it "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce."  18 U.S.C. § 1951(a).  Gilliard argues that the evidence against him was insufficient to prove the requisite effect on interstate commerce.

We disagree.  Our cases hold that  "if the defendants' conduct produces any interference with or effect upon interstate commerce, whether slight, subtle or even potential, it is sufficient to uphold a prosecution under § 1951."  United States v. Haywood, 363 F.3d 200, 209-10 (3d Cir. 2004) (quotation marks and alterations omitted). At trial, the parties expressly stipulated that "[a]s a result of the attempted robbery in this case, . . . interstate commerce or an item moving in interstate commerce would have been delayed, obstructed or affected in any way or degree had the robbery been successful." Appendix ("App.") 274.  Under our precedent, that stipulation provides sufficient evidence as to the Hobbs Act's interstate-commerce element.[3]  We therefore reject

---

[3]The Court of Appeals for the Sixth Circuit's decision in United States v. Wang, 222 F.3d 234 (6th Cir. 2000), is not to the contrary.  The Wang court held that when a robbery "is directed at a private citizen, the connection to interstate commerce is much more attenuated" than in a robbery directed against a business.  Id. at 238.  Thus, according to the Wang court, cases in which the victim is a private individual require a greater showing of effect on interstate commerce than "cases in which the victim is a business entity."  Id.  Here, the attempted robbery was directed against Craig Electric, a

3

Gilliard's challenges to his two Hobbs Act convictions.

Gilliard also claims the evidence was insufficient to support his conviction for aiding and abetting the use and carrying of firearms during and in relation to a crime of violence. See 18 U.S.C. §§ 2, 924(c). In order "[t]o establish liability for a crime based on an aiding and abetting theory, the government must prove that the underlying crime occurred and that the defendant 'knew of the crime and attempted to facilitate it.'" United States v. Gordon, 290 F.3d 539, 547 (3d Cir. 2002) (quoting United States v. Garth, 188 F.3d 99, 113 (3d Cir. 1999)). "[M]ere knowledge is not enough to convict." Gordon, 290 F.3d at 547. However, "a defendant can be convicted of aiding and abetting a violation of § 924(c)(1) without ever possessing or controlling a weapon if the defendant's actions were sufficiently intertwined with, and his criminal objectives furthered by the actions of the participant who did carry and use the firearm." Id. (quotation marks omitted).

For example, in United States v. Price, 76 F.3d 526 (3d Cir. 1996), Price and Stubbs robbed a bank together. Stubbs carried and brandished a gun during the robbery, but Price did not. Nevertheless, we upheld Price's § 924(c) conviction on an aiding and abetting theory because a reasonable jury could have inferred that Price knew Stubbs planned to use and carry the gun during the robbery, and both Stubbs's and Price's roles

business entity. Consequently, Wang is inapposite, and Gilliard's reliance on it is misplaced.

4

in the robbery were facilitated by the fact that Stubbs brandished the gun while Price grabbed the money. Price, 76 F.3d at 530.

In this case, the evidence established that Gilliard acted as a lookout and getaway-car driver while his confederates used and carried firearms during the attempted robbery of Craig Electric. As in Price, a reasonable jury could have concluded that Gilliard knew his confederates were armed, and that he intentionally facilitated their use and carrying of firearms by transporting them and acting as a lookout. Gilliard's actions thus were "intertwined with, and his criminal objectives furthered by the actions of the participant[s] who did carry and use the firearm[s]." Gordon, 290 F.3d at 547. Accordingly, sufficient evidence supports Gilliard's conviction as an aider and abetter under § 924(c).

II.

Gilliard also challenges the District Court's jury instructions as to the § 924(c) offense. The District Court instructed the jury that "[t]he offense charged in Count 1 of the superceding indictment, conspiring to interfere with interstate commerce by robbery . . ., is a crime of violence." App. 374. Gilliard argues that this instruction improperly directed a verdict on the "crime of violence" element of § 924(c). Critically, though, Gilliard never objected to this instruction at trial. As such, we review only for plain error affecting substantial rights. United States v. Antico, 275 F.3d 245, 265 (3d Cir. 2001). In order for an error to affect substantial rights "in the context of plain error review," the

5

error generally must have been prejudicial, i.e. "[i]t must have affected the outcome of the district court proceedings." United States v. Knobloch, 131 F.3d 366, 370 (3d Cir. 1997) (quotation marks omitted). Even assuming *arguendo* that the District Court committed error, Gilliard suffered no prejudice from the District Court's instruction, for it is well settled that a conspiracy to commit robbery is a crime of violence. See, e.g., United States v. Mendez, 992 F.2d 1488, 1491 (9th Cir. 1993); United States v. Johnson, 962 F.2d 1308, 1311-12 (8th Cir. 1992); United States v. DiSomma, 951 F.2d 494, 496 (2nd Cir. 1991). We therefore reject Gilliard's challenge to the jury instructions.

III.

For these reasons, we will affirm the District Court's judgment.

6