OPINION

Per Curiam:

In this opinion, we consider whether conspiracy to commit robbery is a felony involving the use or threat of violence to the person of another within the meaning of the death penalty aggravating circumstance defined in NRS 200.033(2)(b). We conclude that it is not.

FACTS

Petitioner Eugene Nunnery is awaiting trial on one count of first-degree murder with the use of a deadly weapon, two counts of attempted murder the use of a deadly weapon, two counts of robbery with the use of a deadly weapon, one count of attempted robbery with the use of a deadly weapon, and one count of conspiracy to commit robbery. The State filed a timely notice of intent to seek *479 the death penalty alleging eleven aggravating circumstances. Nunnery filed in the district court a motion to strike the notice of intent respecting six aggravators, which the State opposed. After a hearing on the motion, the district court struck three aggravators — all of which alleged prior violent felonies stemming from anticipated convictions for murder with the use of a deadly weapon and other violent felonies in another pending criminal case.
The district court declined to strike three other aggravators that Nunnery challenged — two prior-violent-felony aggravators based on anticipated convictions for conspiracy to commit robbery and robbery with the use of a deadly weapon in the instant action and a great-risk-of-death aggravator. Nunnery challenges these three aggravators in this writ petition.[1]

DISCUSSION

“This court may issue a writ of mandamus to compel the performance of an act which the law requires as a duty resulting from an office or where discretion has been manifestly abused or exercised arbitrarily or capriciously.”[2] The writ will issue where the petitioner has no “plain, speedy and adequate remedy in the ordinary course of law.’ ’[3] The decision to entertain a mandamus petition lies within the discretion of this court, and “[t]his court considers whether judicial economy and sound judicial administration militate for or against issuing the writ.”[4] “Additionally, this court may exercise its discretion to grant mandamus relief where an important issue of law requires clarification.”[5] The instant petition presents such an issue. Further, considerations of judicial economy militate in favor of exercising our discretion to intervene by way of extraordinary writ at this time. Therefore, we have addressed the merits of Nunnery’s argument that conspiracy to commit robbery is not a felony involving the use or threat of violence to the person of another within the meaning of NRS 200.033(2)(b). However, we conclude that Nunnery’s remaining contentions in his writ petition do not warrant our intervention at this time.

*480
Conspiracy to commit robbery as a prior felony involving the use or threat of violence under NRS 200.033(2) (b)

Nunnery argues that conspiracy to commit robbery cannot serve as a prior-violent-felony aggravating circumstance because it is not “[a] felony involving the use or threat of violence to the person of another” within the meaning of NRS 200.033(2)(b). In particular, he argues that with conspiracy the harm is the agreement to commit a crime and that nothing further is required. As support, Nunnery relies on this court’s opinion in Hidalgo v. District Court,[6] where we considered whether solicitation to commit murder is a felony involving the use or threat of violence under NRS 200.033(2)(b).[7]
In Hidalgo, this court concluded that “solicitation to commit murder, although it solicits a violent act, is not itself a felony involving the use or threat of violence within the meaning of NRS 200.033(2)(b).”[8] We reasoned that “[t]he elements of solicitation do not involve the use of violence to another, regardless of the crime solicited’ ’ and that the solicitation of a violent crime is not an offense involving the threat of violence because, although it involves a risk of harm to others, that risk does not constitute a “threat” under NRS 200.033(2)(b).[9] This court further observed that there were no allegations that Hidalgo made threats of violence that were perceived as such by the intended victims.[10]
We conclude that the reasoning in Hidalgo applies with equal force here. “Nevada law defines a conspiracy as ‘an agreement between two or more persons for an unlawful purpose.’”[11] This court has concluded that the ‘ ‘unlawful agreement is the essence of the crime of conspiracy” and that “conspiracy is committed upon reaching the unlawful agreement.”[12] And NRS 199.490 provides that an overt act in furtherance of the conspiracy is not required to support a conviction for conspiracy. Thus, like the elements of solicitation to commit a violent crime, the elements of conspiracy to commit a violent crime do not involve the use of violence to another.
*481 The remaining question, therefore, is whether conspiracy to commit a violent crime can be considered an offense involving the threat of violence to the person of another. In answering this question, this court’s decisions in Redeker v. District Court[13] and Weber v. State[14] instruct that two factors need to be examined: (1) what constitutes a “threat” and (2) whether the intended victim must perceive the threat.
In Redeker, we held that a crime of violence under NRS 200.033(2)(b) is one in which either the statutory elements require proof of violence or the official records or explicit factual findings of the trial court indicate that the crime involved the use or threat of violence.[15] Redeker defined “threat” by stating that “a risk of harm to other people is not equivalent to a threat of violence to a person” and that the potential of harm to others does not constitute a “threat” under NRS 200.033(2)(b).[16] Rather, “a threat requires actual intent: ‘A threat can include almost any kind of an expression of intent by one person to do an act against another person, ordinarily indicating an intention to do harm.’ ”[17]
The State argues that the statutory elements of conspiracy to commit robbery require it to prove that one or more persons agreed to take personal property from the person of another by means of force or violence or fear of injury. Therefore, according to the State, conspiracy to commit a crime of violence constitutes a crime of violence. The State further contends that even if this court concludes that the elements of conspiracy to commit a violent crime do not include a threat, any conviction for conspiracy, based on the evidence that will be presented at trial, ‘ ‘will necessarily incorporate a finding by the jury that violence was used or threatened in this conspiracy.”
We reject this argument, however, because it fails to give full force to Nevada conspiracy law, which considers the crime of conspiracy a completed act upon the making of an unlawful agreement regardless of whether the object of the conspiracy is effectuated. Therefore, the elements of conspiracy do not require proof of violence. And the notice of intent here does not provide any facts *482 showing that the commission of the conspiracy alleged, i.e., the making of an unlawful agreement, involved a communication or expression of intent to inflict harm or injury on another. In other words, the agreement to commit a robbery did not in itself involve a threat of violence.
Even if we were to conclude that conspiracy to commit robbery meets the definition of “threat” under Redeker, this court must consider whether NRS 200.033(2)(b) requires the victim to perceive the threat. In Weber, we upheld two prior-violent-felony aggravators based on sexual assaults — crimes that this court noted did not require proof of the use or threat of violence. Although there was “no evidence of overt violence or overt threats of violence by Weber” against the underage female victim during the two assaults, this court reasoned that the totality of the evidence showed that the assaults “included at least implicit threats of violence, allowing their use as valid aggravators.”[18] The salient facts we considered in reaching this conclusion concerned the victim herself— the implicit threats were directed at the victim and her family. However, the critical distinction between this case and Weber is that the State does not allege — in the context of committing the conspiracy offense, i.e., the making of the unlawful agreement to rob — that Nunnery made any implicit or explicit threats of violence that were perceived by any of his intended victims. Similarly, in Hidalgo, we stated that “the threat provision of NRS 200.033(2)(b) was meant to apply in cases like Weber” and observed that the State did not allege that Hidalgo made any implicit or explicit threats of violence “that were perceived as such by the intended victims.”[19]
Based on the foregoing discussion, we conclude that the elements of conspiracy to commit robbery do not include the use or threat of violence to the person of another. Nor is there any allegation that Nunnery made any implicit or explicit threats of violence perceived by the victims. Therefore, although conspiracy to commit robbery involves conspiring to commit a violent act, it is not itself a felony involving the use or threat of violence as contemplated by NRS 200.033(2)(b). We therefore conclude that the aggravating circumstance alleging conspiracy to commit robbery as a prior violent felony must be stricken.

Remaining challenges to two aggravating circumstances

Nunnery argues that the great-risk-of-death aggravating circumstance is duplicative of two of the prior-violent-felony aggravators *483 because they are based on the same facts as the great-risk-of-death aggravator. Specifically, the State alleged in its notice of intent that Nunnery committed the deceased victim’s murder in a manner that “created a great risk of death to more than one person.”[20] The State also alleged two prior-violent-felony aggravators based on presumptive convictions for the attempted murders of the other two surviving victims. Nunnery also contends that the prior-violent-felony aggravating circumstance based on the robbery of the deceased victim is duplicative of the felony-murder aggravator based on Nunnery having murdered the deceased victim during the course of a robbery.
Nunnery’s arguments, however, are grounded in factual sufficiency challenges to these two aggravating circumstances. What the evidence will prove at trial is unknown, and we will not speculate at this juncture how the evidence will unfold. As these two aggravating circumstances are legally sufficient, we conclude that our intervention at this time is not warranted.

CONCLUSION

For the reasons stated above, we grant this petition in part. The clerk of this court shall issue a writ of mandamus instructing the district court to strike the aggravating circumstance alleging conspiracy to commit robbery as a prior violent felony pursuant to NRS 200.033(2) (b).[21]

 The remaining unchallenged aggravators alleged in the notice of intent concern prior violent felonies based on anticipated convictions for attempted robbery with the use of a deadly weapon, two counts of attempted murder with the use of a deadly weapon, and robbery with the use of a deadly weapon and that the murder was committed during the perpetration of a robbery, all of which arise out of the instant action.

 Redeker v. Dist. Ct., 122 Nev. 164, 167, 127 P.3d 520, 522 (2006).

 NRS 34.170; Redeker, 122 Nev. at 167, 127 P.3d at 522.

 Redeker, 122 Nev. at 167, 127 P.3d at 522.

 Id.

 124 Nev. 330, 184 P.3d 369 (2008).

 Id.

 Id. at 337, 184 P.3d at 374.

 Id. at 334-35, 184 P.3d at 373 (emphases added).

 Id. at 337, 184 P.3d at 374.

 Bolden v. State, 121 Nev. 908, 912, 124 P.3d 191, 194 (2005) (quoting Doyle v. State, 112 Nev. 879, 894, 921 P.2d 901, 911 (1996), overruled on other grounds by Kaczmarek v. State, 120 Nev. 314, 91 P.3d 16 (2004)).

 Moore v. State, 117 Nev. 659, 663, 27 P.3d 447, 450 (2001); see Lane v. Torvinen, 97 Nev. 121, 123, 624 P.2d 1385, 1386 (1981) (“The gist of the crime of conspiracy is the unlawful agreement or confederation.”).

 122 Nev. 164, 127 P.3d 520 (2006).

 121 Nev. 554, 119 P.3d 107 (2005).

 122 Nev. at 172-73, 127 P.3d at 525-26.

 Id. at 175, 127 P.3d at 527.

 Id. (quoting Hadley v. State, 575 So. 2d 145, 156 (Ala. Crim. App. 1990)); see Black’s Law Dictionary 1489 (7th ed. 1999) (defining “threat” as “[a] communicated intent to inflict harm or loss on another or on another’s property”); Merriam-Webster’s Collegiate Dictionary 1228 (10th ed. 1993) (defining “threat” as “an expression of intention to inflict evil, injury, or damage”).

 Weber, 121 Nev. at 586, 119 P.3d at 129.

 Hidalgo v. Dist. Ct., 124 Nev. 330, 336-37, 184 P.3d 369, 374 (2008).

 NRS 200.033(3).

 In light of this opinion, we vacate the stay imposed by our February 14, 2008, order.