**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-10490 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00268-JJT-1 |
| v. | |
| ANTHONY WAYNE HAMILTON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
John Joseph Tuchi, District Judge, Presiding

Argued and Submitted December 6, 2019
San Francisco, California

Before: W. FLETCHER and MILLER, Circuit Judges, and PREGERSON,[**]
District Judge.

Anthony Hamilton was tried and convicted of eleven counts of Hobbs Act

Robbery, in violation of 18 U.S.C. § 1951(a), and eleven counts of Possessing and

Brandishing a Firearm During and in Relation to a Crime of Violence, in violation

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

of 18 U.S.C. § 924(c). He now challenges his convictions on several grounds. The convictions stand, but we remand the case for the district court to inquire into Hamilton's dissatisfaction with his attorney at sentencing.

The district court did not violate Hamilton's Fourth Amendment right by admitting the cell phone site location information ("CSLI"). This claim was not preserved with an objection at trial, and the defense did not allege good cause for that failure in the opening brief. But even if the issue had been properly preserved, it is meritless. In 2018, the Supreme Court ruled that the acquisition of CSLI does constitute a search under the Fourth Amendment. *Carpenter v. United States*, 138 S. Ct. 2206, 2217 (2018). But the Ninth Circuit has since ruled that "CSLI acquired pre-*Carpenter* is admissible – so long as the Government satisfied the [Stored Communications Act]'s then-lawful requirements – under *Krull*'s good-faith exception." *United States v. Korte*, 918 F.3d 750, 759 (9th Cir. 2019) (applying *Illinois v. Krull*, 480 U.S. 340, 342 (1987)). There is no dispute about whether law enforcement complied with the Stored Communications Act. No Fourth Amendment violation occurred.[1]

---

[1] Appellant's Stipulated Motion to Supplement the Record (Dkt. 15) is granted. However, the supplemental material does not change the above analysis.

Hamilton contends that the district court committed reversible error by permitting a law enforcement officer to testify as an expert without Rule 16 compliance or a specific jury instruction. Because this issue was not preserved, we review for plain error. *United States v. Freeman*, 498 F.3d 893, 905 (9th Cir. 2007); *United States v. Conti*, 804 F.3d 977, 981 (9th Cir. 2015). The officer's testimony was not expert testimony because he did not rely on "specialized knowledge." Fed. R. Ev. 701 (Advisory Committee notes); *United States v. Barragan*, 871 F.3d 689, 704 (9th Cir. 2017) ("[T]he line between lay and expert opinion depends on the *basis* of the opinion, not its subject matter.") (emphasis added). Rather, Pluta's testimony incorporated information "rationally based on [his] perception" during the investigation. Fed. R. Evid. 701.

The district court instructed the jury that a Hobbs Act Robbery occurs, in relevant part, when "the defendant induced [the victims] to part with property by wrongful use of the [sic] actual or threatened force, violence, or fear." Hamilton alleges that the district court committed reversible error by omitting "of injury" from the phrase "fear *of injury*." The defense cites no cases for the proposition that the omission of the phrase 'of injury' was error. But even if it was error, the error did not affect Hamilton's substantial rights because the error did not prejudice him or affect the outcome of the proceedings. *United States v. Olano*, 507 U.S. 725,

3

734 (1993). The record is replete with examples of the robbery victims expressing fear – not generalized fear, but fear "of injury." The defense offers no concrete analysis about how the addition of the phrase 'of injury' would have altered the proceedings.

Nor did the district court err by instructing the jury that a violation of the Hobbs Act is a crime of violence under § 924(c). Precedent dictates that Hobbs Act Robbery is a "crime of violence" for the purposes of 18 U.S.C. § 924(c). Aside from this court's statement in *Mendez* that Hobbs Act Robbery "indisputably qualifies as a crime of violence," *United States v. Mendez*, 992 F.2d 1488, 1491 (9th Cir. 1993), offenses very similar to Hobbs Act Robbery have been categorized as crimes of violence for the purposes of statutes analogous to § 924(c). *See United States v. Selfa*, 918 F.2d 749, 751 (9th Cir. 1990) (federal bank robbery). *Stokeling v. United States*, 139 S. Ct. 544, 551 (2019), precludes Hamilton's argument that common-law force is insufficient.

Hamilton is not entitled to resentencing under the First Step Act. Because his conviction is on appeal and has not yet become final, the law at the time of the appellate decision – including the First Step Act – governs. *See Henderson v. United States*, 568 U.S. 266, 271–73 (2013). Therefore, the question is whether the First Step Act, on its own terms, grants Hamilton resentencing. It does not.

Section 403 of the First Step Act excludes Hamilton because his sentence has already been "imposed." *Cf. United States v. Davis*, 139 S. Ct. 2319, 2324 n.1 ("In 2018, Congress changed the law so that, *going forward*, only a second § 924(c) violation committed 'after a prior [§ 924(c)] conviction ... has become final' will trigger the 25-year minimum.") (emphasis added) (citation omitted); *United States v. McDonald*, 611 F.2d 1291, 1292 (9th Cir. 1980) ("The sentence sought to be vacated *was imposed on October 8, 1976* following the vacation of a sentence *previously imposed on November 6, 1972*, under which appellant was granted probation.") (emphasis added) (identifying the imposition of a sentence as a discrete moment in time).

However, the district court did err by failing to inquire when, during sentencing, Hamilton expressed dissatisfaction with his attorney. "When a trial court is informed of a conflict between trial counsel and a defendant, the trial court should question the attorney or defendant privately and in depth and examine available witnesses[.]" *Daniels v. Woodford*, 428 F.3d 1181, 1200–01 (9th Cir. 2005) (quotation marks and citations omitted). In cases where the trial court conducted no inquiry into the nature and extent of the conflict between a defendant and counsel, or even an insufficiently searching inquiry, we have found an abuse of discretion in the court's denial of a motion to substitute counsel. *Id.* at 1200–01;

5

*United States v. Moore*, 159 F.3d 1154, 1160–61 (9th Cir. 1998); *Velazquez*, 855 F.3d 1021, 1035, 1037 (9th Cir. 2017).  Here, Defendant's unambiguous statement that he was not satisfied with his attorney — in conjunction with counsel's acknowledgment that, as a result of that dissatisfaction, she had no information other than what was contained in the presentence report — was sufficient to put the district court on notice that some conflict existed. Because the district court conducted no inquiry at all, denying Hamilton's motion was an abuse of discretion. We remand for the court to properly evaluate the source and nature of Hamilton's expressed dissatisfaction with his attorney and, if necessary, to assign new counsel for re-sentencing.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**

*United States v. Hamilton*, No. 17-10490

MILLER, J., concurring in part and dissenting in part:

I join in the court's disposition and reasoning, except as to the last paragraph. I agree that it is a good practice for a court to inquire further when a defendant expresses dissatisfaction with counsel, but our case law does not require it to do so. In *Daniels v. Woodford*, 428 F.3d 1181, 1200 (9th Cir. 2005), we held that a court must question counsel and the defendant after being "informed of a conflict" between them. But Hamilton's simple "no" in response to the question "have you been satisfied with the representation that [counsel] has given you" did not inform the court of a conflict. Still less was that one-word answer a motion to substitute counsel. Treating it as such is unwarranted in light of Hamilton's history of seeking new counsel. After Hamilton's prior counsel moved to withdraw, the court granted the motion but explained to Hamilton that "[t]he fact that you're dissatisfied or may be dissatisfied with an attorney is not a reason for me to give a new lawyer," and that only a conflict that "breaks down . . . the relationship or the communication" would create "a potential for . . . ineffective assistance of counsel" establishing a basis for substitution. And although counsel stated that Hamilton had not told her of any corrections to the presentence report, she did not attribute that to his dissatisfaction or to a breakdown in their relationship. I do not

believe the district court abused its discretion in declining to hold a hearing on a motion that Hamilton did not make, so I would affirm the judgment in all respects.